ANN V. GRAY *v.* JOHN C. BRYSON ET AL.

[39 South. Rep., 694.]

CHANCERY PLEADING AND PRACTICE. *Deed of trust. Foreclosure. Injunction. Decree.*

In a suit to enjoin the sale of land under a deed of trust, the bill should not be dismissed where partial payments have been made on the debt secured by the deed and the complainant offers to pay the balance, but the court should adjudge the sum still due and condemn the lands for sale therefor, affording complainant an opportunity to pay the decree before sale, especially where both parties have prayed for such a decree.

FROM the chancery court of Warren county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

Mrs. Gray, the appellant, was complainant in the court below, and Bryson and others, appellees, were defendants there. From a decree dismissing the bill complainant appealed to the supreme court.

In August, 1902, the appellant, Ann V. Gray, an illiterate woman, ignorant of business transactions, contracted with Charles J. Thornton by which he agreed to build three houses, at $400 each, for her on lots owned by her. Thornton agreed to advance her the necessary sum and to pay certain of her indebtedness, making the total amount $1,600, for which appellant executed a note secured by a deed of trust on the lots; the trust deed providing that insurance, in the sum of not less than $1,000, should be taken out on the houses and made payable to John C. Bryson, trustee. A short time afterwards appellant decided to build only two houses, and by agreement the contract touching the erection of the houses was changed accordingly, but the notes and deed of trust remained as originally given. About the time of the execution of the trust deed, Thornton agreed in writing with appellant (which writing was subsequently lost) to release one of the lots from the deed of trust upon payment to him of $500. Appellant and her witnesses claim that the lot so agreed to be released was the homestead lot, but this Thornton denies. The two houses were afterwards burned, and $495 realized on the insurance policy was paid to Bryson, trustee. Appellant then tendered Thornton the sum necessary to increase the insurance money paid to Bryson to $500, and which she claimed entitled her to have her homestead released from the deed of trust, at the same time demanding that Thornton should release her homestead, but this Thornton refused to do.

In December, 1903, on account of nonpayment of annual interest, Bryson, the trustee, advertised the whole of the property for sale. The appellant thereupon filed her bill in this case, alleging the facts above stated and a failure on the part of Thornton to perform his contract in a workmanlike manner, and the bill concluded with the following prayer: "The premises considered, complainant prays that a writ of injunction do issue from this honorable court, temporarily enjoining the said Thornton and Bryson, trustee, from doing any further act or to proceed

in any way further under the powers conferred by the terms and provisions of said deed of trust; and that the said Thornton and Bryson, trustee, be made party defendants to this bill of complaint; and that a summons be directed to the sheriff of Warren county, commanding said Thornton and Bryson, trustee, to be and appear by the next term of this honorable court, to be held at the courthouse in the city of Vicksburg, on the first Monday in February, 1904, and that they be required to make a full and direct answer to this bill of complaint; and that upon the final hearing hereof an accounting may be ordered to ascertain the true and correct amount due the said Thornton on said indebtedness; and that by decree of this court the lot constituting the homestead of your complainant may be released from the operation of the terms, conditions, and provisions of said deed of trust; and that this court will order your complainant to pay only such reasonable and just sum of money as may be found to be legally and justly due the said Thornton, which amount she is willing and holds herself in readiness to pay; and that the said Thornton and the said Bryson, trustee, or any succeeding trustee in his place, may be forever and perpetually enjoined and restrained from selling, or in any way attempting to sell, the homestead of complainant, or any other part or portion of her said land, except to pay the reasonable and just amount rightfully and legally due, as the same may be ascertained and found to be due by an accounting ordered and had under the direction of this honorable court; and, if complainant be mistaken in the relief prayed for herein, she prays that she may have such other and further relief in the premises as equity may require and to your honor may seem meet and just."

Thornton's answer to said bill denied most of the allegations of the bill, and, although not made a cross-bill, concluded with the following prayer: "And this defendant, now having answered all the allegations and averments set forth and charged in the said bill of complaint to which he is advised it is material for

him to make answer, prays that the injunction against him and the said Bryson, issued in said cause, restraining them from selling the property mentioned and described in the said bill of complaint, be dissolved, and for a decree authorizing and directing the sale of said land to pay the said indebtedness in accordance with the terms and provisions of said deed of trust, and that he be hence dismissed with reasonable costs and damages in this behalf incurred."

*Anderson & Voller,* for appellant.

The court will observe that the decree is not responsive to any part of the prayer to the bill.　The bill prays for an accounting to ascertain the true amount due Thornton by complainant.　The court refused to hear or consider that prayer.

It prays that the homestead of complainant may be released from the operation of the deed of trust under the agreement made to that effect.　This prayer was likewise ignored by the court.

It prays that the court will order complainant to pay only such reasonable and just sum of money as may be found to be legally and justly due Thornton, which she offers to pay upon the correct amount being found to be due.　The court ignored this petition.

It prays that Thornton and his trustee be forever and perpetually enjoined and restrained from selling or in any way attempting to sell the homestead of complainant.　This prayer was likewise ignored and refused by the court.

It prays that they be enjoined and restrained from selling any other part or portion of her land, except to pay the reasonable and just amount rightfully and legally due, as the same may be ascertained and found to be due by an accounting ordered and had under the direction of the court.　This prayer was also ignored and refused.

In view of the error which we say the lower court committed in refusing by its decree to respond in any particular to the

prayer of complainant's bill, and even to the prayer of defendant in his answer, we ask that the case be reversed.

*Bryson & Dabney,* for appellees.

The pleadings in this cause raise only two issues—viz., fraud and payment. It was incumbent on appellant, being complainant below, to sustain one of these issues by a preponderance of the evidence, and this she utterly failed to do. Her testimony and that of her two witnesses considered alone fail to show fraud either in procuring the contract or in executing it.

If this were an ordinary foreclosure proceeding, the appellant would be entitled to have her indebtedness ascertained and fixed by the final decree, but the case at bar is not such. Appellant brought this action to restrain the sale of her property under the trust deed. She was entitled to no relief whatever unless her property was being wrongfully sold, and it devolved upon her to show this by a preponderance of the evidence. If she has failed in this, her cause is without merit or equity and she is entitled to no relief, and her bill was properly dismissed.

In 16 Cyc., 467, it is said: "The bill will be dismissed if the plaintiff fails to make out his case by the proof, or where pleading and proof are too inharmonious to entitle plaintiff to a decree, or where the proof is too uncertain to found a specific and just decree."

This text and the many cases cited in the notes in support of it sustain the action of the court below in refusing to grant any relief whatever by fixing the amount due or otherwise. The following cases are cited: *Mounce* v. *Byars,* 11 Ga., 180; *Tanton* v. *Baumgarten,* 79 Ill. App., 551; *Fred W. Wolfe Co.* v. *Woodrich,* 66 Ill. App., 610; *Leeper* v. *Bates,* 85 Mo., 224; *Anthens* v. *Schroeder,* 3 Neb., 604 (92 N. W., 196); *Judd* v. *Seaver,* 8 Paige (N. Y.), 548; *Beechman* v. *Noel,* 12 Phil., 431; *Jones* v. *Bradshaw,* 16 Gratt. (Va.), 355; *O'Neile* v. *Ternes,* 32 Wash., 528 (73 Pac., 692; 16 Cyc., 466, 467).

If, however, this court does not accept this view of the law, then the error of the court below should be corrected here. All the evidence necessary to state the account is before the court. It was before the court below. Both sides have introduced all the testimony they desired. Even the motion for a new trial (or rehearing) did not suggest this as error. If it had, the decree could and would have been corrected.

TRULY, J., delivered the opinion of the court.

The decree appealed from is manifestly not responsive to the pleadings. It does not dispose of any of the material issues raised by the pleadings and the proof. This is a final decree, rendered after full proof upon the matters presented by the bill of complaint and answer had been made; but it does not dispose of those questions and leaves the rights of the parties still unsettled. The decree should have shown the finding of the chancellor upon the real merits of the controversy, and, further, should have shown what amount, if anything, had been paid upon the "homestead lot" of the appellant under the agreement relating thereto, and what sum was due as the entire indebtedness of the appellant to Thornton, and then should have decreed the sale of the property for the amount so ascertained to be due, upon default of payment by the appellant within a reasonable time, fixed by the decree. In view of the undisputed proof that the insurance money, at least, had been collected by Thornton to be applied to the indebtedness secured by the trust deed, it was manifest error to dismiss the bill of complaint and permit the entire property to be sold, without fixing the amount still due and affording complainant an opportunity of redeeming her property by payment of the balance so found owing. The admitted rights of appellant were not recognized in the decree rendered herein.

We are asked in this court to credit the amount of the insurance money upon the indebtedness and to render here a decree for the proper sum. This we are unable to do, because that

matter was seemingly not inquired into, and certainly not adjudicated, by the chancellor; and, therefore, such order would not be in the nature of a modification or correction of an erroneous decree, but would be, in effect, an adjudication here of matters left undetermined, and perhaps not fully developed, in the court below.

*Reversed and remanded, to be proceeded with in accordance with the views above expressed.*