## ANDERSON v. CITY OF HATTIESBURG.

### [94 South. 163. No. 22653.]

1. STATUTES. *Generic terms take meaning from following like specific terms and are presumed only to embrace kind of things or persons designated by latter.*

    In construing statutes, generic terms, following specific terms of like nature take their meaning from the latter, and are presumed to embrace only things or persons of the kind designated by them.

2. THEATERS AND SHOWS. *Statute making unlawful exhibition of "obscene, indecent, or immoral picture" strictly construed.*

    The pictures contemplated by chapter 213, Laws of 1920, section 1, providing "that it shall be unlawful . . . to show, or exhibit . . . any obscene, indecent, or immoral picture" are such as are immoral because of their obscenity and indecency, and the statute should be construed as if it read "obscene, indecent, and immoral."

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

C. B. Anderson was convicted of a misdemeanor in violating ordinance of city of Hattiesburg; and he appeals. Reversed and remanded.

*Tally & Mayson* for appellant.

*D. E. & C. W. Sullivan,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of a misdemeanor in a cause which originated in a court of a justice of the peace. The question on which our decision will turn is presented by an assignment of error that the court erred in overruling a demurrer to the affidavit which alleges that the appellant—"operating a moving picture show in. the Strand Theatre in said city, county, and state. did on the 7th day of June, 1921, unlawfully show or exhibit to public view an immoral picture on a screen in said Strand Theatre."

The city of Hattiesburg by a general ordinance has made all misdemeanors punshable by the state punishable also by the municipality, and the statute defining the misdemeanor here in question is chapter 213, Laws of 1920, section 1, which provides:

"That it shall be unlawful for any person, firm or corporation, owning or operating any moving picture show or moving picture establishment, in this state, to show, or exhibit to public view on a screen or otherwise, any obscene, indecent, or immoral picture, drawing or print."

The contention of the appellant is that the description of the picture in the affidavit merely as "immoral" is so vague and indefinite as not to sufficiently advise him of the nature and cause of the offense with which he is charged. The contention of the appellee is that the statutes make it unlawful to exhibit any immoral picture and that the affidavit being in the language of the statute is sufficient. If the statute is intended to prevent the exhibition of any immoral picture, then a picture suggesting any violation of the moral law would come within its condemnation, but when the statute is read as a whole it is clear that the word "immoral" is used in a more restricted sense.

The pictures outlawed are such as are "obscene, indecent, or immoral." The first two of these designations are specific, and the last is generic, and the rule is that:

"While, in the abstract, general terms are to be given their natural and full signification, yet where they follow specific words of a like nature they take their meaning from the latter, and are presumed to embrace only things or persons of the kind designated by them." 26 A. & E. Ency. of Law (2d Ed.) 609; *Lienkauff* v. *Barnes,* 66 Miss. 207, 5 So. 402; *Greenville Ice & Coal Co.* v. *City of Greenville,* 69 Miss. 86, 10 So. 574.

The pictures contemplated by the statute are clearly such as are immoral because of their obscenity and indecency, and the statute should be construed as if it read "obscene, indecent, and immoral." *Swearingen* v. *U. S.,*

161 U. S. 448, 16 Sup. Ct. 562, 40 L. Ed. 765; *United States* v. *Moore* (D. C.), 104 Fed. 78.

The statute creates no new offense, for the exhibition of pictures that are injurious to public morals because of their obscenity and indecency is indictable at common law. 29 Cyc. 1318; 21 A. & E. Ency. of Law, 759.

It is true, as contended by counsel for the appellee, that ordinarily an offense may be charged in an indictment or affidavit in the language of the statute defining it, and it may be, as to which we express no opinion, that the offense here in question may be so charged, but in order so to do the charge must be that the picture is obscene, indecent, and immoral.

It follows from the foregoing views that the court below erred in overruling the demurrer to the indictment.

*Reversed and remanded.*