STATE EX REL. DIST. ATTY. *v.* OBERLIN, et ux.

No. 39293      October 25, 1954      75 So. 2d 56

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellant.

*R. L. Netterville, Chas. F. Engle,* Natchez, for appellees.

44

HOLMES, J.

The original bill in this cause was filed in the Chancery Court of Adams County in the name of the State of Mississippi, on the relation of Lenox L. Forman, District Attorney of the Sixth Circuit Court District of the State of Mississippi. Named as defendants to the bill were Irvine Oberlin and Mrs. Irvine Oberlin, who were alleged to be the owners, operators or managers of the Ritz Theater in the City of Natchez. Later, Jerry Oberlin, claiming to be the owner of said theater, was, on his own petition, admitted as a party defendant to the action.

The original bill charged in substance that the defendants in operating said theater were exhibiting therein, and inviting the public to witness, a certain motion picture called "The Moon Is Blue", and that said picture is of a lewd and immoral nature and is immoral in its influence if exhibited to the general public. The bill prayed the issuance of a temporary injunction restraining the defendants from exhibiting said picture, and further, that the defendants be required to appear before the court on a date to be fixed to show cause why they should not be permanently enjoined from exhibiting said picture. A temporary injunction was thereupon issued, without notice to the defendants, enjoining and commanding them, under penalty of contempt of court, to absolutely refrain from "exhibiting in public theaters or places of amusement the motion picture under the name 'The Moon Is Blue'." The said writ of injunction was served on the defendants on September 26,-

1953, and on the same day, subsequent to the service of the writ of injunction on them, the defendants exhibited said picture in said theater. Motion for citation for contempt was then filed by the complainant, and the defendants were cited to appear before the court on October 12, 1953, at 10 o'clock A.M., to show cause why they should not be adjudged in contempt of court.

The defendants filed an answer to the original bill and to the motion for citation for contempt. They denied that the picture in question was of a lewd and immoral nature, or that it was immoral in its influence if exhibited to the general public. They denied the contempt charges and disclaimed any intention of wilfully violating the injunction writ. They incorporated in their answer to the original bill a general demurrer upon the ground that the bill showed no equity on its face, and a special demurrer wherein they challenged the authority of the district attorney to bring this suit in the name of the State. The defendants also filed a motion to dissolve the injunction upon the grounds that it was improvidently, improperly and illegally issued.

When the cause came on for hearing, no proof was offered by either side, and the cause was submitted to the court, to be taken under advisement for decision in vacation, upon the pleadings, the general and special demurrers, the motion to dissolve the injunction, and the pleadings in the contempt proceedings. At a later date the chancellor rendered his decision, holding that the district attorney was without statutory authority to bring the suit in the name of the State, and he rendered a decree sustaining the demurrers, dissolving the injunction, and dismissing the suit. It is from this decree that this appeal is prosecuted.

The appellant assigns as error (1) that the trial court erred in sustaining the special demurrer, and (2) that the trial court erred in holding that the district attorney was without authority to bring the suit.

The argument of the appellant is directed mainly to the question of the authority of the district attorney to bring the suit, and it is the contention of the appellant that the subject matter of the litigation is not of state-wide interest but a matter of local interest, and that, therefore, the decisions of this Court in the cases of Capitol Stages v. State, ex rel District Attorney, 157 Miss. 576, 128 So. 759, and Kennington-Saenger Theaters, Inc. v. State ex rel District Attorney, 196 Miss. 841, 18 So. 2d 483, holding that the district attorney has no authority to represent the State in litigation involving subject matter of state-wide interest are not in conflict with appellant's position.

On the other hand, the appellees contend that the subject matter of this litigation involves the public morals and that this is a matter of state-wide interest, and that, therefore, under the authority of Capitol Stages v. State, ex rel District Attorney, supra, and Kennington-Saenger Theaters, Inc., v. State, ex rel District Attorney, supra, the district attorney was without authority to bring the suit in the name of the State, and that the chancellor was correct in sustaining the special demurrer. It is further contended by the appellees that the allegations of the bill state no grounds for equitable relief, and that the chancellor was therefore correct in sustaining the general demurrer and in dissolving the injunction and dismissing the suit.

We need not appraise, nor do we attempt to appraise, the nature of the picture here involved. Neither do we deem it necessary to determine in this suit whether the matter of public morals is a matter of state-wide interest or a matter of local interest, nor do we deem it necessary on this appeal to pass upon the question of the authority of the district attorney to bring this suit.

It is our conclusion that the bill states no grounds for equitable relief, and hence it becomes unnecessary for us to pass upon other questions presented.

Unlike the case of State, ex rel v. Quinn, et al, 217 Miss. 567, 64 So. 2d 711, the bill in this cause does not charge a nuisance, nor does it allege facts constituting a nuisance, and hence it can not be maintained upon the grounds that it seeks to abate a nuisance of local interest.

Likewise the allegations of the bill are insufficient to charge a violation of Section 2286 of the Mississippi Code of 1942, declaring it to be a misdemeanor to show or exhibit to public view on a screen or otherwise any obscene, indecent or immoral picture. The bill does not allege that the picture is obscene, indecent and immoral, and, therefore, it is insufficient to charge an offense under said Section 2286 of the Mississippi Code of 1942, as that section has been construed by this Court in the case of Anderson v. City of Hattiesburg, 131 Miss. 216, 94 So. 163.

Thus it appears that the bill charges neither a public nuisance nor a crime, even if it be conceded that such grounds would afford to the State a basis for relief by a suit in equity. Under the general allegations of the bill, we are unable to find any ground which would warrant the granting of any equitable relief. We are therefore of the opinion that the trial court was correct in sustaining the general demurrer and in dissolving the injunction and in dismissing the suit. The fact that the chancellor apparently based his decree upon the ground that the district attorney was without authority to bring this suit will not preclude an affirmance of that decree, since it is supported upon the ground that the allegations of the bill were insufficient to entitle the complainant to any equitable relief. ". . . where the chancellor bases his final decree, or any other decree, on one ground which is insufficient or erro-

neous, if there be another ground upon which the decree may be supported it must be affirmed." Griffith's Mississippi Chancery Practice, 2d ed., Note, p. 743. Lee v. Memphis Publishing Company, 195 Miss. 264, 14 So. 2d 351.

It accordingly follows that the decree of the court below must be, and it is, affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.