MADISON COUNTY BOARD OF EDUCATION *v.* MILES

No. 43461 April 5, 1965 173 So. 2d 425

*Goza & Case,* Canton, for appellant.

*Howard C. Ross, Jr.,* Jackson, for appellee.

GILLESPIE, J.

George Clifton Miles, principal of the Flora School at Flora, Mississippi, Attendance Center within the Madison County School District, was given notice of charges against him filed by the County Superintendent of Education of Madison County. A hearing was had and Miles was removed as principal. He appealed to the State Board of Education which affirmed the case although it noted that the evidence was weak. Miles then appealed to the Chancery Court of Madison County and that court reversed the case on the ground that there was no substantial evidence to sustain the charges, and ordered Miles reinstated effective as of April 1, 1963. The Madison County Board of Education and the County Superintendent appealed to this Court.

The action of the County Superintendent of Education was taken under Mississippi Code Annotated section 6282-26, which provides in part as follows:

*For incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil or other good cause* the county superintendent of education or superintendent of the municipal separate school district, as the case may be, may remove or suspend any superintendent, principal or teacher in any school district, but before being so removed or suspended the superintendent, principal or teacher shall be notified

of the charges against him and he shall be advised that he is entitled to a public hearing. . . (Emphasis supplied)

The charges preferred against appellee were seven in number and were general rather than specific charges.

Charge Number Four was that appellee maliciously impugned the integrity of an employee of the school, causing unjustifiable embarrassment to said employee and disturbance among the teaching personnel. This charge comes nearer being specific than any of the charges because it named the employee whose integrity was allegedly impugned, the person in charge of the school lunchroom. The facts concerning this charge completely vindicate appellee. During the 1960-61 school year, appellee told the operator of the lunchroom that it did not look good for groceries to be taken from the lunchroom; that the school was not to compete with the merchants in town who were paying taxes to support the school; that the school was not paying any sales taxes and it was not lawful for groceries to be taken away even if they were paid for by the people ordering them, a fact not known to the public. Thereafter appellee was given a three-year contract beginning with the 1962-63 school year. In December 1962, or January 1963, appellee called the lunchroom operator to his office and told her that he, appellee, was receiving complaints that she was taking groceries out of the lunchroom. The lunchroom operator did not deny that she was taking groceries which she considered surplus, but said she paid for them.

On the removal hearing conducted by the County Superintendent of Education, the operator of the lunchroom testified that appellee told her that he did not believe she was taking groceries out of the lunchroom, but he did not want anything else removed from the lunchroom. She also testified that some teachers and others ordered food along with the lunchroom food and

there would be two orders made out — one for the lunch-room and one for such other items as the various parties wanted, and then those parties would come to the school and pick up the groceries, meat, and other items. She testified she had been doing this for years and thought that appellee was unjustified in demanding that she quit selling groceries which the lunchroom did not need and in ordering groceries in the manner mentioned above.

Another of the charges was that appellee had challenged the decisions and policies of the Madison County Board of Education with reference to the appointment of the trustees of the Flora Attendance Center. The facts developed at the hearing revealed that appellee did call to the attention of the County Superintendent of Education that the local board of trustees was not legally selected and the method of selecting the trustees was thereafter changed.

Another one of the charges was that appellee antagonized a large segment of the patrons and citizens of the Flora Attendance Center, thereby hindering an effective school-community relationship. A group of people met at a private home during the appellee's first year at Flora and there was some discussion of dissatisfaction with his services, but that was before appellee was given a renewal of his contract for a three-year period. Also the testimony showed that the music teacher had expelled from the chorus four children for rude and incorrigible conduct and appellee had upheld the teacher in her action. This aroused the antagonism of the parents of some of the children. The proof showed further that someone drew up six copies of a petition seeking the removal of appellee and circulated these petitions in the community and was only able to get eight signatures thereon.

The statute quoted hereinabove provides that a principal or teacher may be removed for incompetence, neglect of duty, immoral conduct, intemperance, brutal

treatment, or other good cause. There is no proof whatever that George Clifton Miles was guilty of any of the causes mentioned in the statute. The phrase, ''or other good cause,'' in the statute must be considered in connection with the specific causes preceding it. █ It is a well recognized rule of law that where in a statute general words follow a designation of particular charges, the meaning of the general words will be presumed to be restricted by the particular designation, and to include only things of the same kind, class, or nature as those specifically enumerated, unless there is a clear manifestation of a contrary purpose. See Morgan v. State, 208 Miss. 185, 44 So. 2d 45 (1950); White v. Lowry, 162 Miss. 751, 139 So. 874 (1932); Anderson v. City of Hattiesburg, 131 Miss. 216, 94 So. 163 (1922).

 █ Not only were the charges not proven, but this record indicates that in connection with the matters mentioned above, the appellee was correct. Appellee put a stop to the improper practice of various people buying groceries through the school lunchroom, and he was manifestly correct in doing so and should be commended.

The other charges which we have not discussed were vague and indefinite and do not justify comment.

 █ This Court has recognized that a school teacher or principal has a valuable right in a contract duly approved by the school authorities. Cheatham v. Smith, 229 Miss. 803, 92 So. 2d 203 (1957). █ The legislature undertook to make school principals and teachers reasonably secure in their jobs, subject to removal only for serious causes. We find no merit in the appeal and the learned chancellor was correct in holding that there was no substantial evidence to sustain the charges against appellee. We affirm the decree ordering appellee reinstated as of April 1, 1963.

Affirmed.

*Lee, C. J., and Rodgers, Jones and Brady, JJ.,* concur.