193 So.2d 719 (1967)
SECURITIES INVESTMENT COMPANY OF ST. LOUIS, Jackson, Mississippi
v.
O.C. WILLIAMS and Annie Lee Williams.
No. 44196.
Supreme Court of Mississippi.
January 16, 1967.
King & Powell, Jackson, for appellant.
Jerry T. Johnston, Brandon, for appellees.
SMITH, Justice.
This is an appeal by K.V. Builders, Inc., a Missouri Corporation, and Securities Investment Company of St. Louis, Jackson, Mississippi, from a decree of the Chancery Court of Rankin County, cancelling a certain trust deed upon the lands of appellees, O.C. Williams and his wife, Annie Lee Williams, held by Securities Investment Company as assignee of K.V. Builders, Inc.
Suit was begun by O.C. Williams and Annie Lee Williams against K.V. Builders and Securities Investment Company of St. Louis, Harry Green, Bill Greenwood and Robert W. King, the latter in his capacity as trustee in the trust deed. This bill sought an injunction against the foreclosure of the *720 trust deed and its cancellation as a cloud upon appellees' title to certain land in Rankin County.
The bill charged that Harry Green and Bill Greenwood, agents of K.V. Builders, called upon O.C. Williams, age 79, and his wife, Annie Lee Williams, age 77, at their farm home in Rankin County, and presented themselves as representatives of the federal government sent out to remodel and repair old houses. They informed appellees, who were illiterate (Annie Lee Williams could, laboriously, write out her signature, but O.C. Williams could not even write his name) that the federal government would pay half of the cost of certain repairs that they proposed to make to appellees' home. They said that these repairs would not cost more than $200. When appellees told these persons that they had no money to pay even this small sum, and were unwilling to mortgage their home to get it, they were told that it would not be necessary to do so. Appellees were persuaded by these "federal agents" to sign a "paper," but the only testimony in the record, touching upon the subject of what paper was signed, is that it was a yellow paper and, apparently, it was a contract with K.V. Builders for the making of repairs to their home, as such a contract is the only one of the original documents on yellow paper.
This contract provided that K.V. Builders would make certain repairs to the home, the repairs having been described in the contract in the vaguest terms, for a "cash" price of $2200, or for a "credit price" of $3311.40, to be paid in sixty monthly installments of $55.19 each. This "contract" was dated January 4, 1965.
Some work was done on the house. But the only testimony in the record regarding its value is that it was worth not more than $400.
K.V. Builders, whose agents Harry Green and Bill Greenwood actually were, produced a promissory note in the principal sum of $3311.40, payable in sixty monthly installments of $55.19 each, together with a trust deed covering appellees' 60-acre farm home place, purporting to have been executed by them and also dated January 4, 1965. The trust deed bore the certificate of acknowledgment of a Hinds County Notary Public, whose office was in Jackson, dated January 11, 1965. On January 11, 1965, K.V. Builders assigned this note and trust deed to Securities Investment Company of St. Louis. The assignment of the note was by endorsement "without recourse."
In addition to the certificate of acknowledgment, the trust deed bore the purported signatures of O.C. Williams and Annie Lee Williams (that of the former appearing by "mark") and also the signatures of four other persons, ostensibly witnesses to its execution. These "signatures" were of Bill Greenwood, Harry Green, Jeff D. Davis and Willie Mae Davis. None of these persons was produced or testified at the trial, although O.C. Williams and Annie Lee Williams emphatically denied signing the note or trust deed.
The Notary Public did testify, but he admitted that he did not know O.C. Williams or Annie Lee Williams, and was unable to say more than that persons who were represented to him to be O.C. Williams and Annie Lee Williams, had appeared before him in his Jackson office and had acknowledged the execution of the trust deed. Both O.C. Williams and Annie Lee Williams denied having been in Jackson at the time, and denied the acknowledgment. No attempt was made to have the Notary Public identify appellees, and he could give no account of the other four signatures on the trust deed.
Securities Investment Company took the position that it was an innocent purchaser for value, without notice of any infirmity in the title of K.V. Builders. The answer and crossbill of Securities Investment Company alleged that it had purchased the note from K.V. Builders "in the regular course of business for a valid consideration." Neither the nature nor the amount of this *721 "valid" consideration appears either in the pleadings or in the evidence.
Securities Investment Company introduced testimony to the effect that O.C. Williams had been contacted on the telephone about his "account" and also that he had been sent a printed form letter which referred to his delinquent account.
It is urged by Securities Investment Company that this, and the admitted payment of several of the monthly installments before they finally refused to go further with the matter, show that appellees had, in fact, executed the note and trust deed. The making of these payments, identical with those provided for in the construction contract, which appellees admitted signing, was in no way inconsistent with the position that they were made under the contract, nor does it amount to evidence that they executed the note or trust deed. Appellees knew nothing of finance or business, were wholly without independent advice or counsel, and were completely uneducated. There is no rational basis to assume, from the fact that some payments were made on the "account," that this indicated that they understood that there was a note and trust deed.
The direct testimony of appellees that they did not execute the note or deed of trust is clear and convincing. This testimony stands without substantial contradiction in the record. Not one of the four "witnesses" whose signatures appear on the trust deed was produced to contradict them. The Notary Public made no attempt to identify appellees as the persons who had come to his office in Jackson to acknowledge a document which more conveniently could have been acknowledged before a Notary Public in Rankin County, where they lived. None of those supposed to have been present when the acknowledgment was taken appeared or testified. There was no expert testimony to identify the signature on the instruments as that of Annie Lee Williams, the only one of the two who could write her name.
In its pleadings and throughout the trial, the position of Securities Investment Company was that the note and trust deed were valid obligations of O.C. Williams and Annie Lee Williams. This is, of course, entirely inconsistent with the proposition that they were forgeries.
K.V. Builders transferred the note to Securities Investment Company "without recourse," as provided by Mississippi Code Annotated section 79 (1956). Ordinarily, this qualified endorsement would preclude recovery by Securities Investment Company from K.V. Builders. However, a qualified endorser warrants that the signature of the maker of an instrument is not a forgery, and is liable to the endorsee for damages in case of a breach of such warranty. He is not liable on the note or on the endorsement itself. McNaghten Loan Co. v. Sandifer, 137 Kan. 353, 20 P.2d 523 (1933).
In Kennedy v. Hudson, 224 Ala. 17, 138 So. 282 (1931), the Alabama Court said that the weight of authority supports the rule that an assignor of a note who transfers it without recourse, nevertheless, is liable to the assignee for its "genuineness," and that in case the note is a forgery the transferee may rescind the sale and recover the purchase price from assignor.
At the conclusion of the trial, the Chancellor found that the trust deed was the result of fraud practiced upon appellees by Harry Green and Bill Greenwood, as agents of K.V. Builders, and cancelled it as a cloud upon appellees' title to their land; he held that the repairs actually made were worth not more than $400, of which appellees had already paid $386.33, and limited recovery to an award of $14.67, which he made a lien upon the property.
The Chancellor also declined to award Securities Investment Company a judgment for damages against K.V. Builders.
The sordid facts of this case fall within a category and pattern that is becoming *722 increasingly familiar. The only testimony in the record, touching the question, is that neither the note nor the trust deed was executed by O.C. Williams or Annie Lee Williams, and, consequently, it must be accepted that it has been established that they are forgeries. Harry Green and Bill Greenwood agents of K.V. Builders, who produced these documents, apparently had absconded when the case came on for trial, for it appears that they were not found or served with a summons, and a nonsuit was taken against them so that the case might proceed. The note and trust deed having been forgeries, even an innocent purchaser, for value and without notice that they were forgeries, could acquire no title. Lee v. Duncan, 220 Miss. 234, 70 So.2d 615 (1954); 10 C.J.S. Bills and Notes § 493 (1938).
The Chancellor reached the right conclusion in denying recovery, even if it can be said that there are other and, perhaps, more cogent reasons than those assigned which also support it. Winfield v. Winfield, 203 Miss. 391, 35 So.2d 443 (1948); Lee v. Memphis Publishing Co., 195 Miss. 264, 14 So.2d 351, 152 A.L.R. 1428 (1943); Carter v. State, 167 Miss. 331, 145 So. 739 (1933); Carr v. Miller, 162 Miss. 760, 139 So. 851 (1932); Griffis v. Martin Oil Co., 127 Miss. 606, 90 So. 324 (1922); Yazoo & M.V.R. Co. v. Adams, 81 Miss. 90, 105, 32 So. 937 (1902).
The decree denying recovery to Securities Investment Company, and cancelling the trust deed as a cloud upon appellees' title to their land, must be affirmed. Appellees were not only the victims of fraud in connection with the overall transaction, but the note and trust deed were conclusively shown to be forgeries.
Securities Investment Company's prayer for a judgment against K.V. Builders, included in their crossbill against that firm, might have been granted, but neither the answer nor the crossbill filed by Securities Investment Company gives any clue as to what the "valid consideration" was for the assignment of the note and trust deed, nor is this deficiency supplied by any evidence which appears in the record. In that situation, it is impossible for the Court to enter a money judgment in favor of Securities Investment Company against K.V. Builders, the record being wholly silent as to the nature and value of the consideration paid. Gray v. Bryson, 87 Miss. 304, 39 So. 694 (1906); Talbert v. Melton, 17 Miss. 2 (1847).
For the reasons stated, the decree of the chancery court should be and it is affirmed.
Affirmed.
ETHRIDGE, C.J., and PATTERSON, INZER, and ROBERTSON, JJ., concur.