ETHRIDGE, Chief Judge
(dissenting).
The record in this case does not support, in my opinion, the County Superintendent’s order removing E. P. Stegall as principal of Brandon Attendance Center. The decision in Madison County Board of Education v. Miles, 252 Miss. 711, 173 So.2d 425 (1965), emphasized the importance of protecting a teacher’s or principal’s contract of employment:
This Court has recognized that a school teacher or principal has a valuable right in a contract duly approved by the school authorities. Cheatham v. Smith, 229 Miss. 803, 92 So.2d 203 (1957). The legislature undertook to make school principals and teachers reasonably secure in their jobs, subject to removal only for serious causes. (252 Miss, at 716, 173 So.2d at 427).
The statute permits removal of a teacher or principal for “incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil or other good cause * * Miss.Code 1942 Ann. § 6282-26 (1956). The phrase “other good cause” was held in Miles to refer only to charges of the same kind and nature as those previously specified. There was no evidence of intemperance or brutal treatment of a pupil. The removal order must stand, if at all, on whether there was substantial evidence “for serious causes,” as stated in Miles, of incompetence, or neglect of duty, or im *354 moral conduct. In my judgment the evidence does not reflect any basis for findings supporting removal on any of those charges. In fact, the evidence on five of the six charges is inconsequential.
None of the minor deviations from the regulations of the Board of Education were serious in nature. They could have been handled simply by an administrative directive to the principal. For example, instead of Stegall using a school-owned automobile to attend as principal an out-of-town school football game, he used school gasoline in his own car. Jones admitted that after he had told Stegall he should not use school gasoline for such trips, Stegall complied. The purchase of the mowing machine was within the price on the state approved list. Stegall’s failure to take competitive bids on it as required by the Board’s regulations was an error, but could have been handled administratively. This did not constitute incompetence, neglect of duty, or immoral conduct. Principal Stegall ordered for the school several thousand dollars worth of “enrichment” materials for the library. The Department of Education held that $443.58 of these purchases were not reimbursable under Title II. Testimony shows that it is very difficult to predict what is and is not allowable under Title II. This was no cause for removal.
Stegall’s contract called for the school to provide him a home “with utilities furnished.” This included a telephone. However, he charged to his home and office telephones some personal long distance calls. The superintendent, with the burden of proof, did not show what portion of these long distance calls were personal, and which were business. It is undisputed that, for a period of almost three years, charges for personal and business long distance calls were reflected on the telephone bills, which were sent to Superintendent Jones, and approved by him and the Board of Education. Although personal calls should not have been charged to the school, both the Superintendent and the Board knew of them and paid them without objection. The first time that Stegall knew they were not properly chargeable under his contract was when the Superintendent so advised him two months before the hearing. The Board should have determined the cost of Ste-gall’s personal calls, deducted it from his salary, and advised him to terminate the practice.
In summary, none of these charges are “serious causes” justifying removal, and a fortiori do not constitute incompetence, neglect of duty, or immoral conduct by Stegall. They appear to be an accumulation of relatively small allegations, all reasonably explainable, resurrected for the purpose of firing Stegall. They are retrospective in nature, similar in criminal law to an ex post facto statute. Nevertheless, as a result perhaps of personality differences, the order firing Stegall accumulates these relatively minor charges and removes from his job, secured by contract, a man who has spent his adult life in teaching and educational administration.
Permeating all of the facts in this case is one undisputed element which reflects the unsubstantial nature of the dismissal order of Jones, County Superintendent: He made the charges as prosecutor; testified as the principal witness for the prosecution; and served as jury and judge in discharging Stegall as principal. This combination of functions in one person impinges on any reasoned concept of due process. The fact that the State Board of Education reviews the order under the statute, and can hear additional evidence if tendered, is the only factor which saves the statute’s constitutionality. Nevertheless, this combination of accuser, witness, jury and judge in the County Superintendent is a significant underlying fact in this case which further evidences the weakness of the Superintendent’s action.
In short, I think that the order removing Stegall as principal has no substantial evidence to support the statutorily required *355 grounds of removal, namely, incompetence, neglect of duty, or immoral conduct. I would reverse and dismiss the charges.
JONES and SMITH, JJ., join in this dissent.