547 So.2d 786 (1989)
Loretta S. DeFOE
v.
GREAT SOUTHERN NATIONAL BANK, N.A.
No. 58723.
Supreme Court of Mississippi.
July 19, 1989.
Paul M. Neville, Jackson, for appellant.
Robert S. Murphree, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:
Loretta S. DeFoe makes her second appearance before this Court seeking the proceeds of a policy of insurance on the life of C. Delbert Hosemann, Sr., now deceased, of which she was a beneficiary. The problem is that Great Southern National Bank held the policy as collateral security for substantial indebtedness of a corporation in which Hosemann was a principal. More *787 immediately, DeFoe confronts the rule that a plaintiff is entitled to but one bite at the apple, a rule Latinized as res judicata.
The facts appear in DeFoe v. Great Southern National Bank, 511 So.2d 912 (Miss. 1987), and will be but summarized here. United Petroleum Corporation had obtained financing through the Bank and at various times owed well in excess of $1,000,000.00. Hosemann had guaranteed United Petroleum's indebtedness to the Bank up to $1,200,000, and had secured his guaranty by a policy of insurance on his life, issued on September 23, 1982, by the Penn Mutual Life Insurance Company issued to Hosemann in the face amount of $500,000. DeFoe is named beneficiary on this policy. No one disputes that Hosemann had made a valid, enforceable and perfected assignment of this policy to the Bank as collateral security for United Petroleum's indebtedness, or, more technically, as security for his own personal guaranty.
Hosemann died September 24, 1983. On November 17, 1983, Penn Mutual paid the Bank some $454,610.82 which the Bank applied to United Petroleum's debt. DeFoe has been trying to get that money ever since.
On October 23, 1985, DeFoe commenced this civil action by filing her complaint in the Circuit Court of Lauderdale County, Mississippi, naming the Bank as defendant. At that time DeFoe was already involved in litigation with the Bank and others regarding the same matter, as will presently appear. In any event, in her new complaint, DeFoe argues that she is a surety entitled to the benefits and protections of Miss. Code Ann. § 87-5-1 (1972).[1] DeFoe charges that on November 8, 1983, she demanded that the Bank proceed against its principal debtor, United Petroleum Corporation, and that the Bank was notified "if suit is delayed, it may result in serious damage to [her]."
By order entered September 18, 1987, the Circuit Court held that DeFoe's new complaint failed to state a claim upon which relief could be granted and dismissed it. DeFoe prosecutes the present appeal.
A defendant's motion to dismiss under Rule 12(b)(6), Miss.R.Civ.P., should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. Bias v. Bias, 493 So.2d 342, 343-44 (Miss. 1986); Luckett v. Mississippi Wood, Inc., 481 So.2d 288, 290 (Miss. 1985); Franklin County Cooperative v. M.F.C. Services (A.A.L.), 441 So.2d 1376, 1377 (Miss. 1983).
The short answer to DeFoe's appeal is that she has previously sued the Bank arising out of these same matters and, insofar as her claim against the Bank is concerned, has suffered entry of final judgment against her. In her first action filed in the Chancery Court of Hinds County, Mississippi, on January 13, 1984, DeFoe sued a number of parties, including the Bank. As here, DeFoe demanded that the Bank turn over to her the proceeds of the life insurance policy, there asserting primarily a theory of marshalling of assets.
In its answer in the present action, the Bank pleaded res judicata affirmatively and in bar, noting that at the time the prior "cause has been appealed to the Supreme Court of Mississippi by the plaintiff herein in Appeal No. 56728." In due course, the Bank moved for summary judgment, and on July 22, 1985, the Chancery Court granted the motion and entered final judgment *788 dismissing with prejudice DeFoe's claims against the Bank. On July 29, 1987, we decided "Appeal No. 56728" and remanded for further proceedings with reference to DeFoe's claim against United Petroleum but left the final judgment in favor of the Bank undisturbed. DeFoe v. Great Southern National Bank, 511 So.2d 912 (Miss. 1987). It is certainly true that the Bank remains a party in the first action on remand
not, however, because of any liability it has to DeFoe, but because of the rights it has as a creditor of United Petroleum.
511 So.2d at 917. The judgment against DeFoe and in favor of the Bank on DeFoe's claims against the Bank is and shall remain final.
DeFoe's claim that she is a surety invoking Section 87-5-1 was not asserted in the original action, the one which became "Appeal No. 56728." Though her suretyship claim be an action at law, or as DeFoe argues, "a common law action of assumpsit under the general plea for money had and received," it certainly could have been asserted in the prior chancery action. See Rule 18(a), Miss.R.Civ.P.; Tideway Oil Programs, Inc. v. Serio, 431 So.2d 454, 464 (Miss. 1983); H.K. Porter Co., Inc. v. Board of Supervisors of Jackson County, 324 So.2d 746, 751-52 (Miss. 1975); Shaw v. Owen Gin Co., 229 Miss. 126, 133, 90 So.2d 179, 181 (1956); Burnett v. Bass, 152 Miss. 517, 521, 120 So. 456 (1929).
Today's question is whether DeFoe can avoid the bar of res judicata by suing in another court and alleging a new legal theory of recovery. Our law is clear that she may not. Res judicata bars a second action against the same defendant on the same underlying claim, including all grounds for recovery that were available to the plaintiff in the first action, whether asserted or determined in the prior proceeding or not. Riley v. Moreland, 537 So.2d 1348, 1354 (Miss. 1989); Walton v. Bourgeois, 512 So.2d 698, 702 (Miss. 1987); Dunaway v. W.H. Hopper & Associates, Inc., 422 So.2d 749, 751 (Miss. 1982); Pray v. Hewitt, 254 Miss. 20, 24, 179 So.2d 842, 844 (1965). To be sure, there is no jurisdictional impediment to a party maintaining parallel actions in different courts on the same underlying claim. The Court before which the second action is filed, however, ordinarily should hold it in abeyance pending the first action. Petition of Beggiani, 519 So.2d 1208, 1210 (Miss. 1988); Hancock v. Farm Bureau Insurance Co., 403 So.2d 877, 878-79 (Miss. 1981).[2] Final judgment in the first certainly precludes further prosecution of the second.
Here, the only difference between the present action and the previous lawsuit was the theory of recovery. The primary right and duty asserted and the primary wrong complained of are the same in each action. Only the legal bases advanced for relief are arguably different. Clearly, breach of Section 87-5-1 duties and the law of suretyship were grounds upon which DeFoe may have sought recovery against the Bank in her original action. It was a claim that might have been litigated in the previous lawsuit and, indeed, it should have been. We find no error in the action of the Circuit Court dismissing DeFoe's complaint and entering judgment for the Bank.
DeFoe complains that the Circuit Court failed to specify the grounds for its granting the Bank's motion to dismiss. We find that the final judgment merely provides "having reviewed the briefs and pleadings, and having heard the argument of counsel and having reviewed the applicable legal authorities, ... that the motion to dismiss ... is well taken and the complaint is hereby dismissed with prejudice... ."
This Court will generally affirm, even if it finds that the lower court has employed erroneous legal reasoning, provided only that the correct result has been achieved below. Shewbrooks v. A.C. & S., Inc., 529 So.2d 557, 564 (Miss. 1988); Allgood v. Bradford, 473 So.2d 402, 411 (Miss. *789 1985); Briggs v. Benjamin, 467 So.2d 932, 934 (Miss. 1985); Forman ex rel. District Attorney v. Oberlin, 222 Miss. 42, 48-49, 75 So.2d 56, 58-59 (1954). If this be so, the Court certainly must affirm where there is any ground disclosed by the record upon which the decision could have properly been reached, notwithstanding the lower court did not make explicit its grounds. Winfield v. Winfield, 203 Miss. 391, 394-95, 35 So.2d 443, 444 (1948); Securities Investment Co. of St. Louis v. Williams, 193 So.2d 719, 722 (Miss. 1967). Res judicata is such a ground. Nothing said here should be taken as expressing a view on DeFoe's suretyship theory and particularly her claim under Section 87-5-1 had they been brought in her first action.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
BLASS, J., not participating.
NOTES
[1] The statute reads:

§ 87-5-1. Surety discharged if creditor fails to sue the principal debtor when notified.
Any person bound as surety or accommodation indorser for another, may, at any time after the debt has become due or liability been incurred, give notice in writing to the creditor to commence and prosecute legal proceedings against the principal debtor, if living and resident within this state, for the recovery of the debt; and if the creditor fails to commence legal proceedings by the next term of the court in which the same shall be instituted, to be held after the expiration of thirty days from the giving of the notice, and to prosecute the same to effect, the surety who shall have given the notice shall be discharged from liability. It shall not be lawful to plead or to give in evidence under this section a notice not in writing, and any act of the creditor shall not be a waiver of notice in writing as herein required.
[2] For aught that appears, the Circuit Court simply sat on the present action pending our appellate resolution of DeFoe's first suit. The Bank's judgment against DeFoe there became final on September 16, 1987, with our denial of rehearing. Two days later the Circuit Court entered its order dismissing the present complaint.