616 So.2d 310 (1993)
Lanette J. COLEMAN
v.
CHEVRON PASCAGOULA FEDERAL CREDIT UNION, Patricia R. Crawford, Individually and in Her Official Capacity.
No. 90-CA-1069.
Supreme Court of Mississippi.
March 25, 1993.
David C. Frazier, Gordon Frazier & Roberts, Pascagoula, for appellant.
Ernest R. Schroeder, Bryan Nelson Schroeder Backstrom Castigliola & Banahan, Beau A. Stewart, Bryan Nelson Firm, Pascagoula, for appellees.
Before HAWKINS, C.J., and McRAE and ROBERTS, JJ.
HAWKINS, Chief Justice, for the Court:
This appeal comes to us from a judgment in the Circuit Court of Jackson County, Mississippi, dismissing the complaint of Lanette J. Coleman upon a Rule 12(b) motion of Chevron Pascagoula Federal Credit Union, et al., (Chevron Credit Union). Chevron Credit Union had in effect an employment manual from which, in the present posture of the case, it cannot be determined whether it was followed or violated in discharging Coleman. We accordingly reverse for further proceedings.
Coleman was fired on March 23, 1989, following seven years of employment with Chevron Credit Union. When she was employed she was given a copy of a policy and procedure manual given to all Chevron Credit Union employees. The manual stated, in pertinent part:
All new employees are hired on a six (6) month trial basis. At the end of this probationary period, your job performance will be reviewed with you and you will have the opportunity to ask questions about your job performance or items relating to your job description and of your future with the credit union.
A probationary period is simply a trial period in which you will become acquainted with us as employer and the credit union will become acquainted with you. You may decide to leave employment without any given reason; however, the credit union reserves the same right. The employee will be notified in writing of termination.
An employee may quit during the probationary period by notifying the manager in writing.
Probationary employees performing unsatisfactorily in their position may be terminated during, or at the end of the probationary period. Employees terminated *311 during the probationary period receive no benefits. Employees hired on a temporary basis may also be terminated at the completion of the assignment, at a time when funds no longer exist for the position, or at any time during his or her employment.
And, on the page outlining disciplinary actions, in the section entitled "Procedure":
One of the following actions will be taken.
(1) Verbal reprimand
(2) Written reprimand
(3) Suspension
(4) Termination
All matters are recorded in the personnel files of each employee, except verbal reprimand which will be documented by the manager. All doumentation going in personnel file shall be reviewed and initialed by the Treasurer.
Coleman was discharged without reference to the manual. In Bobbitt v. The Orchard, Ltd., 603 So.2d 356 (Miss. 1992), we held that even though an employee's manual might not give tenure or a right to continued employment, it at least required an employer to follow its own manual in disciplining or discharging an employee. At this stage of this action, this cannot be determined.
Complaints should not be dismissed upon a Rule 12(b) motion to dismiss unless, after taking the allegations in the complaint to be true, it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim which entitles him to relief. Overstreet v. Merlos, 570 So.2d 1196, 1197 (Miss. 1990); DeFoe v. Great Southern Nat'l Bank, 547 So.2d 786, 787 (Miss. 1989).
Reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE, ROBERTS and SMITH, JJ., CONCUR.