FAIR, J., for the Court:
¶ 1. This is a consolidated appeal from the termination of two employees of the Lowndes County School District. Stacy Hester, once the baseball coach at New Hope High School, was fired for financing a $15,000 fairway mower in the school’s name. Principal Joseph Wright was terminated for executing a document purporting to give Hester the authority to bind *327 the school in the purchase. Both appealed their firings to the Lowndes County Chancery Court, which affirmed Hester’s termination and reversed Wright’s, awarding him lost wages. Hester and the school district appeal their respective adverse decisions. We find the school board acted on sufficient and substantial evidence and within its discretionary power. We therefore affirm the chancery court’s judgment upholding Hester’s termination, but we reverse and render its decision reinstating Wright.
FACTS
¶ 2. In 2007, Wright became the principal of New Hope High School. According to him, Hester, who had been the baseball coach for many years, proposed acquiring a used John Deere fairway mower for $15,000. The price was said to be excellent. Wright admitted he and Hester both knew the school could not purchase the mower for a number of reasons, and Hester’s proposal for the school to buy it had already been abandoned. Hester instead would acquire it through the baseball booster club, which was a private organization. The booster club had made numerous purchases in the past for the use of the baseball program.
¶ 3. Hester acquired the mower through a lease/purchase agreement financed by Wells Fargo. He executed the agreement on behalf of “New Hope High School” by “Stacy Hester, Baseball Coach.” In other places the agreement identifies the lessee as “New Hope Baseball” or “New Hope High School dba New Hope Baseball.” The form gives the lessee’s address as that of the high school and includes the school district’s federal tax identification number. A few days after the lease/purchase agreement was signed by Hester, he and Wright executed an “incumbency certificate” that stated Hester had authority to enter into leases on behalf of the school.
¶4. The lease agreement provided for annual payments of about $3,700. At first, the payments were apparently made by Hester or the booster club. Hester was later removed from his position as baseball coach and reassigned within the school district to teach gym at an elementary school. Around this time the booster club was “reorganized.” Hester took the mower with him when he left, and he apparently claimed it as his property. The record contains an email from the treasurer of the old booster club stating that the mower was personally owned by Hester and that the booster club had leased the mower from him or reimbursed him for some of the payments. The email stated that Hester would “continue to make the lease payments on his own.” Hester failed to make the 2010 payment which came due on March 15, however, and the lender sought payment from the new booster club and the high school. Ultimately the new booster club took possession of the mower and assumed responsibility for the payments.
¶ 5. After the tractor purchase was discovered, Hester and Wright were terminated from their employment by the superintendent. Each requested and received a hearing, pursuant to Mississippi Code Annotated section 37-9-111 (Supp. 2012), though neither testified. The school board in each case voted to uphold termination. The chancellor affirmed Hester’s firing and reversed Wright’s. Wright was awarded approximately $175,000 in damages for back pay.
STANDARD OF REVIEW
¶ 6. Consistent with Mississippi Code Annotated section 37-9-113(3) (Rev.2007), *328 the Mississippi Supreme Court has outlined our standard of review as follows:
[The] scope of [appellate] review of employment decisions made by a school district is quite limited. We accept our duty of deference to the hearing officials and this is no different when those officials are the ultimate legal authority for the school district. We look to see whether the decision of the Board is supported by substantial evidence, was arbitrary or capricious, was beyond the power of the Board to make, or violated some statutory or constitutional right of the complaining party. Most assuredly, by way of contrast, the test is not what we would have decided had we been the trier of the issues in dispute.
Cowart v. Simpson Cnty. Sch. Bd., 818 So.2d 1176, 1179 (¶ 14) (Miss.2002) (citations and quotations omitted).
¶ 7. Substantial evidence has been defined as “evidence that a reasonable person would accept as adequate to support a conclusion.” Miss. Transp. Comm’n v. Anson, 879 So.2d 958, 963 (¶ 14) (Miss.2004). “It is something more than a mere scintilla or suspicion.” Id. (citation omitted). An act is considered arbitrary “when it is not done according to reason or judgment, but depending on the will alone.” Burks v. Amite Cnty. Sch. Dist., 708 So.2d 1366, 1370 (¶ 14) (Miss.1998). Am act is capricious when “done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles.” Id.
DISCUSSION
¶ 8. “[A] school teacher or principal has a valuable right in a contract duly approved by the school authorities.” Madison Cnty. Bd. of Educ. v. Miles, 252 Miss. 711, 716, 173 So.2d 425, 427 (1965). Mississippi Code Annotated section 37-9-59 (Supp.2012) provides that “[f]or incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil or other good cause the superintendent of schools may dismiss or suspend any licensed employee in any school district.” Through this statute “[t]he legislature undertook to make school principals and teachers reasonably secure in their jobs, subject to removal only for serious causes.” Miles, 252 Miss, at 716, 173 So.2d at 427. “The phrase, ‘or other good cause,’ in the statute must be considered in connection with the specific causes preceding it.” Id. That is because “the meaning of the general words will be presumed to be restricted by the particular designation, and to include only things of the same kind, class, or nature as those specifically enumerated.” Id. Grounds for dismissal must be proven by a preponderance of the evidence. Harris v. Canton Separate Pub. Sch. Bd. of Educ., 655 So.2d 898, 902 (Miss.1995).
1. Hester’s Firing
¶ 9. Hester’s argument on appeal is that the school had no authority to punish him for making a purchase through the booster club, particularly since the school benefit-ted from the mower while ultimately never having to pay anything for it. He also contends there is no evidence the school’s tax ID number was acquired fraudulently or that its use provided him with any benefit.
¶ 10. We agree it is unclear whether the school’s tax ID was used to avoid taxes on the mower; the record simply does not reveal what, if any, taxes were paid or supposed to be paid. However, Hester’s argument otherwise relies on his erroneous claim that he purchased the mower himself or as an agent of the old booster club. Instead, the lease/purchase agreement identifies New Hope High *329 School as the lessee and states that Hester is acting as an agent of the school in the purchase. There can be no question Hester did not follow the school’s purchase policies and procedures and went beyond his authority in purporting to act as an agent of the school in entering into the agreement, regardless of his good intentions as to who would actually pay the note. While it is not clear whether the agreement effectively bound the school district, wrongfully exposing the district to potential liability for a $15,000 mower is, by itself, good cause for termination. See Bd. of Trs. of the Jackson Pub. Sch. Dist. v. Knox, 688 So.2d 778, 782 (Miss.1997).
¶ 11. Moreover, given that Hester purported to execute the lease on behalf of the school, his taking possession of it after being removed from the coaching position could be viewed by a rational trier of fact as taking the school board’s property. And even if we were to accept that Hester was the owner of the mower, a fact finder could conclude Hester secured credit for the purchase by essentially using the school as a “co-signer.” That would be good cause for termination as well.
¶ 12. Hester also argues that because he was reassigned to the elementary school, where his contract was subsequently renewed, he cannot be fired for something he did in his previous position. We do not agree. School boards may consider conduct in prior contract periods under the right circumstances. See Merchant v. Bd. of Trs. of Pearl Mun. Separate Sch. Dist., 492 So.2d 959, 964 (Miss. 1986) (continuing conduct); see also Wilder v. Bd. of Trs. of Hazlehurst City Sch. Dist., 969 So.2d 88, 96 (¶50) (Miss.Ct.App.2007) (Irving, J., dissenting) (continuing conduct or behavior unknown to the board at the time of contracting). Hester’s misconduct did not come to light until after he had entered into the new contract. Renewing Hester’s contract cannot be viewed as excusing or ratifying his prior actions if they were unknown at the time.
¶ 13. After reviewing the record, we find substantial evidence supports Hester’s termination.
2. Wright’s Firing
¶ 14. The chancery court concluded there was no evidence “Wright was involved in Hester’s scheme to acquire the equipment” or that he had any role in providing the district’s tax ID number. We agree with regard to the tax ID number, but there was more than sufficient evidence Wright participated in the purchase. “[W]here the record supports one valid and viable reason to dismiss a teacher, that fact cannot be sidestepped, and the board’s decision will not be disturbed.” Spradlin v. Bd. of Trs. of Pascagoula Mun. Separate Sch. Dist., 515 So.2d 893, 899 (Miss.1987).
¶ 15. Wright admitted he knew Hester planned to acquire the mower. A few days after Hester executed the lease/purchase agreement, he approached Wright with an “incumbency certificate,” a single-page form that stated in relevant part that Wright was “a duly elected and qualified Officer and/or Director of New Hope High School ” (typed into a blank on the form) and that Hester as the “Baseball Coach ” was “empowered to enter into any agreement on behalf of the above-named entity and to execute and deliver any instrument, including ... leases ..., in the name of and on behalf of such entity.” The incumbency certificate identified Wright’s position as “Principal,” and it had the number of the lease/purchase agreement handwritten in the white space after the first line. Wright signed it.
¶ 16. Wright admitted he knew Hester was buying the mower, but he believed it *330 was through the booster club. According to Wright, Hester represented that the incumbency certificate was needed for insurance purposes and that Wright was merely verifying Hester’s signature. Wright’s position is essentially that he did not know what he was signing. The chancery court found this argument persuasive because Wright’s account was uncontra-dicted. We do not agree.
¶ 17. “[A] person is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract.” Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., 584 So.2d 1254, 1257 (Miss.1991). At the very least, Wright’s signature on the incumbency certificate was sufficient evidence for the school board, as the finder of fact, to conclude he had read and understood the document.
¶ 18. Wright admitted he knew the school could not buy the mower, yet he executed a document purporting to give Hester the authority to make such a purchase on the school’s behalf. There is no question that this exceeded Wright’s authority and enabled a serious violation of the school board’s purchasing policy. We conclude that this is sufficient evidence of good cause to support his termination.
¶ 19. Since we reinstate the school board’s termination of Wright, we reverse and render the chancery court’s award of back pay.
¶ 20. THE JUDGMENT OF THE LOWNDES COUNTY CHANCERY COURT IN CAUSE NO. 2012-CC-00619-COA IS AFFIRMED. THE JUDGMENT OF THE LOWNDES COUNTY CHANCERY COURT IN CAUSE NO. 2012-CC-00852-COA IS REVERSED AND RENDERED. ALL COSTS OF THE APPEAL IN CAUSE NO. 2012-CC-00619-COA ARE ASSESSED TO THE APPELLANT. ALL COSTS OF THE APPEAL IN CAUSE NO. 2012-CC-00852-COA ARE ASSESSED TO THE APPELLEE.
LEE, C.J, IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT.