KEYES ET AL. *v.* SCHOOL DISTRICT NUMBER
ONE, DENVER, COLORADO, ET AL.

Decided August 29, 1969

See: 303 F. Supp. 279 and 289.

*Jack Greenberg* and *Conrad K. Harper* on the application.

*Richard C. Cockrell, Thomas E. Creighton,* and *Benjamin L. Craig* in opposition.

MR. JUSTICE BRENNAN.

In this school desegregation case I am asked to vacate a stay by the Court of Appeals for the Tenth Circuit of a preliminary injunction entered by the District Court for the District of Colorado. The preliminary injunction has the effect of requiring partial implementation of a school desegregation plan prepared by School District No. 1, Denver, Colorado, and then rescinded by that Board after changes in membership followed a school board election.

The Court of Appeals issued the stay pending decision of an appeal taken by the School Board from the preliminary injunction. I have concluded that the stay was

improvidently granted and must be vacated. An order of a district court granting or denying a preliminary injunction should not be disturbed by a reviewing court unless it appears that the action taken on the injunction was an abuse of discretion. *Alabama* v. *United States,* 279 U. S. 229 (1929). Where a preliminary injunction has issued to vindicate constitutional rights, the presumption in favor of the District Court's action applies with particular force. The Court of Appeals did not suggest that the District Court abused its discretion. On the contrary, the Court of Appeals expressly stated that the District Court's findings of fact "represent a painstaking analysis of the evidence presented. They establish a racial imbalance in certain named schools. From the facts found, the district court either made a conclusion or drew an inference, that de jure segregation exists in named schools. Its grant of the temporary injunction is grounded on the premise that there is de jure segregation."

The Court of Appeals nevertheless stated that it "must decide whether the public interest is best served by the maintenance of the status quo or by the acceptance of the injunctive order," since the time before the Denver schools were to open on September 2 was insufficient to permit an examination of the record to determine whether the District Court correctly held that this was a case of *de jure* segregation. It may be that this inquiry was appropriate notwithstanding the presumption in favor of continuing the preliminary injunction in force. But the reasons given by the Court of Appeals for striking the balance in favor of the stay clearly supplied no support in law for its action. It was not correct to justify the stay on the ground that constitutional principles demanded only "that desegregation be accomplished with all convenient speed." "The time for mere 'deliberate speed' has run out . . . ." *Griffin* v. *County*

*School Board,* 377 U. S. 218, 234 (1964). "The burden on a school board today is to come forward with a plan that promises realistically to work, and promises realistically to work *now." Green* v. *County School Board,* 391 U. S. 430, 439 (1968). The obligation of the District Court was to assess the effectiveness of the School Board's plans in light of that standard. *Ibid.* Since the Court of Appeals not only was unable to say that the District Court's assessment was an abuse of discretion, but agreed that it "may be correct," the stay of the preliminary injunction was improvident.

The Court of Appeals also seems to have based its action on the premise that public support for the plan might be developed if any order awaited final hearing; the Court of Appeals stated that a plan of desegregation "must depend for its success on the understanding cooperation of the people of the area." But the desirability of developing public support for a plan designed to redress *de jure* segregation cannot be justification for delay in the implementation of the plan. *Cooper* v. *Aaron,* 358 U. S. 1 (1958).

I therefore grant the application, vacate the order of the Court of Appeals, and direct the reinstatement of the order of the District Court.