JEFFERSON PARISH SCHOOL BOARD ET AL. *v.*
DANDRIDGE ET AL.

No. A–231.   Decided August 30, 1971

MR. JUSTICE MARSHALL, Circuit Justice.

On August 10, 1971, the Federal District Court for the Eastern District of Louisiana ordered the Jefferson Parish School Board to implement, beginning on August 31, 1971, the plan for desegregation of the public schools of said parish which had been submitted to the court eight days earlier.   Having been denied stays of that order by the District Court and the United States Court of Appeals for the Fifth Circuit, the Board seeks a stay here.

Hearing was had in the District Court on the feasibility of beginning the desegregation process without delay. The evidence there adduced demonstrated that the parish would undoubtedly experience those difficulties normally incident to the transition from a dual to a unitary school system.   Recognizing the existence of these difficulties, the District Court nonetheless correctly applied the law as developed by this Court in concluding:

> "The fact that a temporary, albeit difficult, burden may be placed on the School Board in the initial administration of the plan or the fact that some schools may not begin the school year in a routinely smooth fashion does not justify in these circumstances the continuation of a less than unitary school system and the resulting denial of an equal educa-

tional opportunity to a certain segment of the Parish school children."

The devastating, often irreparable, injury to those children who experience segregation and isolation was noted 17 years ago in *Brown* v. *Board of Education,* 347 U. S. 483 (1954). This Court has repeatedly made it clear beyond any possible doubt that, absent some extraordinary circumstances, delay in achieving desegregation will not be tolerated. See, *e. g., Alexander* v. *Holmes County Board of Education,* 396 U. S. 19 (1969); *Carter* v. *West Feliciana Parish School Board,* 396 U. S. 226 (1969); *Keyes* v. *Denver School District,* 396 U. S. 1215 (1969) (BRENNAN, J., in chambers).

There are no unusual circumstances in this case. The schools involved have been mired in litigation for seven years. Whatever progress toward desegregation has been made apparently, and unfortunately, derives only from judicial action initiated by those persons situated as perpetual plaintiffs below. The rights of children to equal educational opportunities are not to be denied, even for a brief time, simply because a school board situates itself so as to make desegregation difficult.

The stay is accordingly denied.