**Sammy H. MARR, Plaintiff,**

v.

**Louis S. LYON, Regional Director, United States Civil Service Commission, et al., Defendants.**

**Civ. No. 72–286.**

United States District Court,
W. D. Oklahoma,
Civil Division.

May 24, 1974.

Donald R. Wilson, Oklahoma City, Okl., for plaintiff.

William R. Burkett, U. S. Atty., John E. Green, Asst. U. S. Atty., Oklahoma City, Okl., Harlington Wood, Jr., Dept. of Justice, Washington, D. C., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff was a Department of Defense civil service employee at Holloman Air Force Base, New Mexico, when he was ordered terminated from his position on September 28, 1970. The termination was effected by the Civil Service Commission based on the provisions of a Federal Regulation requiring competitive civil service employees to be citizens of the United States. The Plaintiff was not a citizen. Plaintiff obtained his citizenship June 14, 1971 and thereafter sought reinstatement. An administrative review was obtained by the Civil Service Commission which upheld his termination and found him not entitled to reinstatement. An action was filed in this Court for review of the agency decision. On January 18, 1974, judgment was entered ordering Plaintiff be reinstated to his former position and that all back pay and allowances be computed and paid to Plaintiff. This Judg-

ment was pursuant to the findings and conclusions of the Court in the Memorandum Opinion entered herein January 14, 1974 in which it was determined that Plaintiff's termination of September 28, 1970 was contrary to law for the reason that 31 U.S.C. § 700 provides that provisions prohibiting the employment of non-citizens of the United States did not apply to employees of the Department of Defense. Plaintiff was or had been an employee of the Department of Defense.

Defendants filed their Notice of Appeal March 11, 1974. On April 8, 1974, they filed a Motion to Stay Judgment. Plaintiff has responded in partial opposition to said Motion.

Defendants urge that Rules 62(c), 62(d) and 62(e), Federal Rules of Civil Procedure authorize such a stay. They admit that same is not automatic but can be entered in the discretion of the Court. They note that Rule 62(e) provides that no bond is required to stay a money judgment against an agency of the United States.

Plaintiff in his response asserts that the Judgment can be separated into two parts: (1) reinstatement and (2) back pay. Plaintiff agrees that the back pay provision be stayed pending appeal. Plaintiff asserts that the reinstatement portion could be stayed under the provisions of Rule 62(c) which is entitled Injunction Pending Appeal. However, Plaintiff contends that certain conditions as set out hereafter must be met before a stay of injunctive relief can be granted. (The provisions in the Judgment relating to reinstatement constitute mandatory injunctive relief.) Plaintiff requests the Court not to stay his reinstatement pending the Defendants' appeal.

Rule 62(c) provides in part:

"When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or

otherwise as it considers proper for the security of the rights of the adverse party."

In Wright and Miller, Federal Practice and Procedure: Civil § 2904 in regard to a Rule 62(c) application it is stated:

"Thus, it generally is required that (a) the applicant make a strong showing that he is likely to succeed on the merits of the appeal; (b) the applicant establish that unless a stay is granted he will suffer irreparable injury; (c) no substantial harm will come to other interested parties, and (d) a stay would do no harm to the public interest."

This test has been developed by the Courts and the text writers from the decision in Virginia Petroleum Jobbers Ass'n v. Federal Power Commission, 104 U.S.App.D.C. 106, 259 F.2d 921 (1958).

The above four part test should be applied in this instant case as to Defendants' motion to stay the injunctive relief granted Plaintiff. The Court recognizes that the issues in this case are novel and thus Defendants should be given the benefit of the doubt as to whether they are likely to succeed on appeal. However, Defendants have failed to show they will suffer irreparable injury if Plaintiff is reinstated to his former position. Defendants have likewise failed to show that substantial harm will not come to Plaintiff if he is not reinstated pending his appeal. Plaintiff in fact asserts that substantial harm will come to him due to his continued unemployment. The public interest does not appear to be affected by the rehiring of a public employee with over 20 years experience as such. As a matter of fact, if Defendants' appeal is not successful, the public interest would be better served by Plaintiff performing services as an employee pending his appeal rather than by the Government ultimately having to pay him for said period without his performing services.

Defendants have failed to meet all the requirements of the *Virginia Jobbers'*

test and the Court therefore concludes that its Judgment ordering Plaintiff reinstated to his former position should not be stayed pending appeal. The provision ordering that Plaintiff's back pay and allowances be computed should not be stayed pending appeal, but payment of such wages found to be due may be withheld and stayed during the pendency of Defendants' appeal by agreement of Plaintiff.