Marvin MANDEL, Governor of the State of Maryland, et al.

v.

UNITED STATES DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, an agency of the United States of America, et al.

MAYOR AND CITY COUNCIL OF BALTIMORE, a Municipal Corporation, et al.

v.

F. David MATHEWS, Individually and as Secretary of the United States Department of Health, Education and Welfare, et al.

Civ. A. Nos. N–76–1 and 23.

United States District Court, D. Maryland.

April 20, 1976.

Francis B. Burch, Atty. Gen. of Maryland, Henry R. Lord, Deputy Atty. Gen., David H. Feldman, Walter G. Lohr, Jr., and George A. Nilson, Asst. Attys. Gen., Baltimore, Md., for plaintiffs, with the exception of Bd. of Trustees of the Community College of Baltimore, in Civ. A. No. N–76–1.

Benjamin L. Brown, City Sol. of Baltimore City, and William Hughes, Chief Sol., Baltimore, Md., for plaintiff Bd. of Trustees of the Community College of Baltimore in Civ. A. No. N–76–1 and for plaintiffs in Civ. A. No. N–76–23.

Ambrose T. Hartman, Deputy City Sol., Blanche G. Wahl, Sp. Asst. City Sol., Baltimore, Md., for plaintiff Bd. of Trustees of the Community College of Baltimore in Civ. A. No. N–76–1.

J. Stanley Pottinger, Asst. Atty. Gen., Civil Rights Div., U. S. Dept. of Justice, Alexander C. Ross, Leigh M. Manasevit, Atty., Civ. Rights Div., Washington, D. C., for defendants in Civ. A. Nos. N–76–1 and N–76–23.

Teresa T. Milton, Atty., Civ. Rights Div., Washington, D. C., for defendants in Civ. A. No. N–76–1.

Elise J. Mason, Asst. City Sol., and E. Stephen Derby and Edward M. Norton, Jr., Baltimore, Md. (William L. Marbury, Baltimore, Md., of counsel), for plaintiffs in Civ. A. No. N–76–23.

Frank K. Krueger, Jr., Atty., Dept. of Health, Education and Welfare, Washington, D. C., of counsel, for defendants in Civ. A. No. N–76–23.

## MEMORANDUM AND ORDER

NORTHROP, Chief Judge.

Before this Court are defendants' motions, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, to stay the judgments entered by this Court on March 9, 1976, and March 12, 1976, pending appeals to the United States Court of Appeals for the Fourth Circuit. Defendants' motions and joint memorandum assert that stays should be granted under the rationale of *Long v. Robinson,* 432 F.2d 977, 979 (4th Cir. 1970), which sets forth four requisites for a stay: (1) that defendants are likely to succeed on the merits of their appeal; (2) that plaintiffs will not suffer irreparable injury if a stay is granted; (3) that defendants will suffer irreparable injury if a stay is not granted; and (4) that a stay is in the public interest.

After careful consideration of defendants' proffer, this Court is not persuaded that the facts support the issuance of stays. In fact, not only do the facts fail to meet the guidelines of *Long v. Robinson,* but they, in major part, stand in contravention of the contentions offered in support of the motions.

First, under *Long v. Robinson,* defendants argue that they are likely to prevail on the merits of the appeal. Defendants bottom this bald statement upon their assertion that these proceedings should have been dismissed for lack of final agency action (or, restated, failure to exhaust administrative remedies), citing *Taylor v. Cohen,* 405 F.2d 277 (4th Cir. 1968). However, this

issue was extensively considered and discussed in this Court's joint opinion of March 8, 1976. There, it was decided that cases such as *Taylor* were inapposite to the cases at hand, and the Court applied the exception to the exhaustion doctrine contained in *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). Since nothing defendants offer here alters this view, defendants have failed to satisfy even the first tenet of *Long v. Robinson.*

Defendants assert, to satisfy the second requisite of *Long,* that plaintiff will not be substantially harmed by the issuance of a stay. In light of the extensive analysis of plaintiffs' injuries in the March 8th opinion, there is no doubt that substantial injury would inure to plaintiffs if the judgments were stayed.[1] To allow defendants to run rampant with their precipitous activities unquestionably would not only render serious injury to plaintiffs, but would be inimical to the interests of those persons Title VI of the Civil Rights Act, 42 U.S.C. § 2000d *et seq.* (1970) was enacted to protect. Hence, contrary to defendants' averment, this Court feels plaintiffs would suffer substantial injury by the issuance of stays.

The third criterion for the issuance of a stay is that there is likelihood of harm to defendants should the stay not be issued. Defendants cite as their foremost injury the possibility that the Orders of March 9 and March 12, 1976, could be construed to be applicable to HEW's negotiations with other recipients of federal funding. Clearly this reading of the Orders is a misconstruction of the intent of the Orders. Under no circumstances were the Orders intended to govern compliance efforts outside Maryland; they were to be controlling solely upon the parties to these actions. Moreover, should any of the additional harm alleged by defendants come to pass following a refusal to stay the judgments, it would arise, not because of the judgments themselves, but because of HEW's own refusal to negotiate with plaintiffs in good faith. As Judge Harrison L. Winter stated in an analogous situation:

> Regrettably I must conclude that the principal irreparable injury which defendants claim that they will suffer if the order of the district court is not stayed is injury of their own making. . . . It would seem elementary that a party may not claim equity in his own defaults.

*Long v. Robinson, supra* at 981. Since defendants' possible injury arises out of their own defaults, they should not be granted stays to minimize any potential harm.

The fourth criterion of *Long v. Robinson* for a stay is whether a stay will serve the public interest. On balance, considering the serious harm which defendants' actions have inflicted upon countless persons in Maryland (as explicated by the March 8, 1976 opinion), the Court must conclude that the public interest would *not* be served by the issuance of the stays, but would be by a refusal to stay the judgments. To approve stays in these cases would sanction the continuance of a policy inimical to the interests of a wide spectrum of persons in the City and State—the school children, the teachers, the disadvantaged, the infirm, and numerous others. Certainly, nothing with such a grave impact could be considered to be in furtherance of public policy.

■ It is patent by the foregoing discussion, and the March 8th opinion, that defendants have not met the test for stays set forth in *Long v. Robinson.* Nor have defendants offered any further reason compelling this Court to "grant to [defendants] precisely the form of blanket [approbation] pending appeal which we refused to grant them on the merits." *Environmental Defense Fund, Inc. v. Froehlke,* 348 F.Supp. 338, 367 (W.D.Mo.1972), *aff'd,* 477 F.2d 1033 (8th Cir. 1973). This Court has no other

---

1. Defendants attempt to make much of the fact that the Court termed a portion of plaintiffs' injury "intangible" in the March 8th opinion. Though the term "intangible" was ascribed to certain injuries, it was in no way intended to diminish the extent of injury which the Court felt had been sustained by plaintiffs. Coupling these so-called "intangible" injuries with the more tangible injuries also present, there was an extensive showing of severe injury to all plaintiffs by defendants' actions.

recourse but to refuse defendants' motions for stays of the judgments in these cases pending appeal.

In light of the foregoing analysis, IT IS, this 20th day of April, 1976, by the United States District Court for the District of Maryland, ORDERED:

1. That defendants' motions for stays of judgments in these cases pending appeal BE, and the same hereby ARE, DENIED;

2. That the Clerk of the Court will mail copies of this Memorandum and Order to all counsel of record in these cases.