**REYNOLDS METALS COMPANY,**
**Plaintiff,**

v.

**SECRETARY OF LABOR and United States Department of Labor,**
**Defendants.**

**Civ. A. No. 770215.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Oct. 25, 1977.

See also, 442 F.Supp. 195.

Robert E. Payne, McGuire, Woods & Battle, John R. Amos, Richmond, Va., George I. Vogel, Wilson, Hawthorne & Vogel, Roanoke, Va., for plaintiff.

Joel D. Gusky, U. S. Dept. of Labor, Philadelphia, Pa., for defendants.

MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Plaintiff Reynolds Metals Company seeks a stay pending its appeal to the United States Court of Appeals for the Fourth Circuit of the order of this court issued October 13, 1977, 442 F.Supp. 195 denying its motion to quash an inspection warrant issued the Secretary pursuant to the Occupational Health and Safety Act of 1970 for inspection of Reynolds' Bristol plant. Reynolds argues it is entitled to a stay as a matter of right, and in the alternative that this court should allow Reynolds a stay.

I

Reynolds claims it is entitled to a stay as a matter of right, and that by filing a sufficient supersedeas bond this court must grant a stay. Fed.R.Civ.P. 62(a); Fed.R.Civ.P. 62(d). The court rejects this argument and denies the requested stay. In this suit Reynolds sought to quash an inspection warrant issued the Secretary to inspect the Bristol plant. Although plaintiff never formally sought an injunction

from this court, the court finds that Reynolds sought the equivalent of an injunction to prevent inspection of the Bristol plant. When an injunction is sought there is no absolute right to a stay pending appeal. See 7 Moore's Federal Practice ¶ 62.03 at 62–12; 7 Moore's Federal Practice ¶ 62.05 at 62–24; 11 Wright and Miller, Federal Practice and Procedure § 2902 at 310 & n. 16; 11 Wright and Miller, Federal Practice and Procedure § 2905 at 325; Stop H–3 Association v. Volpe, 353 F.Supp. 14 (D. Hawaii 1972). Accordingly, Reynolds is not entitled to a stay pending appeal under the provisions of Fed.R.Civ.P. 62(d) and its request is hereby denied.

## II

■ In the alternative, Reynolds seeks an injunction pending appeal to prevent the inspection of its Bristol plant. In Schillreff v. County School Board of Loudoun County, 556 F.2d 574 (4th Cir. 1977) the Court of Appeals stated the standard for granting an injunction pending appeal is that enunciated in Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970). Although Schillreff is not binding upon this court because the memorandum decisions of this circuit are not to be treated "as precedent within the meaning of the rule of stare decisis," Kirby v. Blackledge, 530 F.2d 583, 586 (4th Cir. 1976); Jones v. Superintendent, 465 F.2d 1091, 1094 (4th Cir. 1972), cert. denied, 410 U.S. 944, 93 S.Ct. 1380, 35 L.Ed.2d 611 (1973), it is instructive because it indicates the continued validity of Long v. Robinson, supra.

■ In Long v. Robinson, supra the Court of Appeals established that a party seeking a stay must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay. Id. at 979. This test has been used by the Fourth Circuit and its district courts in subsequent applications for stays. See Mason v. DeGeorge, 483 F.2d 521 (4th Cir. 1973) (per

curiam); In re Bradley, 456 F.2d 6, 8 (4th Cir. 1972) (Winter, J., dissenting); Sledge v. J. P. Stevens & Co., Inc., 12 Empl. Prac. Dec. (CCH) ¶ 11,248 at 5779 (E.D.N.C. Sept. 10, 1976); Mandel v. United States Department of Health, Education and Welfare, 417 F.Supp. 57 (D.Md.1976). Therefore, Reynolds' application must be tested against the criteria established in Long v. Robinson, supra.

### A. Probability of Success on Appeal

■ To gain a stay pending appeal, Reynolds must show that it will likely prevail on the merits of its appeal. Reynolds has failed to make this showing. Although the issues presented by Reynolds' motion to quash are of first impression, the court feels its decision of October 13, 1977 was correct. Specifically, the court feels it applied the proper standard by relying on the companion cases of Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967) and See v. City of Seattle, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967). The Supreme Court has reaffirmed these holdings three times during the past decade. See G. M. Leasing Corp. v. United States, 429 U.S. 338, 353–59, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977); Air Pollution Variance Board of Colorado v. Western Alfalfa Corp., 416 U.S. 861, 864, 94 S.Ct. 2114, 40 L.Ed.2d 607 (1974); Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). The court feels the district court cases cited by Reynolds are inapposite because of their factual dissimilarity to the instant case. Reynolds has failed to carry its burden by showing that it is likely to prevail upon appeal. For this reason alone the stay cannot be granted. See Mandel v. United States Department of Health, Education and Welfare, 417 F.Supp. 57, 59 (D.Md.1976).

### B. Irreparable Injury to Reynolds if Stay Denied

Reynolds has failed to demonstrate that it will be irreparably injured by the denial of a stay pending appeal. "Mere injuries, however substantial, in terms of money,

time and energy expended in the absence of a stay, are not enough," *Long v. Robinson, supra* at 980, *quoting, Virginia Petroleum Jobbers Association v. Federal Power Commission,* 104 U.S.App.D.C. 106, 259 F.2d 921, 925 (1958). At most, Reynolds has alleged the absence of a stay will create inconvenience, and this factor is insufficient to demonstrate irreparable injury. *See Mason v. DeGeorge,* 483 F.2d 521, 524 (4th Cir. 1973) (per curiam).

C. *Other Parties Will Not be Substantially Harmed by the Stay*

█ The Secretary would be directly injured by the issuance of a stay pending appeal in this case. A stay pending appeal would prevent the Secretary from inspecting the Bristol plant until Reynolds could gain another determination of the legality of the inspection warrant issued the Secretary. A stay would grant Reynolds an indefinite injunction against the inspection— almost all of the ultimate relief sought in this suit. In such a situation, the court will not grant a stay. *See* Wright and Miller, *Federal Practice and Procedure,* § 2904 at 321; *Jimenez v. Barber,* 252 F.2d 550, 553 (9th Cir. 1958); *Marr v. Lyon,* 377 F.Supp. 1146, 1148 (W.D.Okla.1974).

D. *The Public Interest Served by Granting a Stay*

Although the court again emphasizes the fundamental nature of the rights Reynolds asserts in this case, the court cannot find the public interest would be served by the issuance of a stay here. The court is sensitive to the Fourth Amendment rights Reynolds claims will be violated by the inspection, but if a stay were granted in this case, the enforcement efforts of the Secretary would be thwarted. This conclusion requires a balancing of the competing interests involved, and the court finds the public interest would not be furthered by the issuance of a stay in this case.

Although the application for a stay pending appeal is denied, the stay issued by this court October 13, 1977 is hereby continued until midnight of November 10, 1977.