638 So.2d 1278 (1994)
BOARD OF TRUSTEES OF the JACKSON PUBLIC SCHOOL DISTRICT
v.
Bishop Earl KNOX.
No. 94-TS-394.
Supreme Court of Mississippi.
June 16, 1994.
*1279 Perry Sansing, James A. Keith, Brunini Grantham Grower & Hewes, Jackson, for petitioner.
Nathan W. Kellum, Tupelo, for respondent.
En banc.
SMITH, Justice, for the Court:
This is a school district personnel matter, before this Court on the Motion to Stay Execution Pending Appeal filed by the Board of Trustees of the Jackson Public School District ("Board"), wherein the Board seeks a stay of the chancellor's order reinstating Dr. Bishop Earl Knox, a suspended principal and granting other relief.
Although the genesis of the problem is the principal's decision to allow a student to pray over the school intercom system, the issue before us today is totally removed from the constitutional question involving prayer in the public schools. Our task involves only an assessment of the statutory scheme for removing school personnel during the period of an employment contract. More particularly, we are asked to apply familiar principles of law to determine whether the chancellor's order of reinstatement should be given effect, prior to a final determination of the issues on the merits by this Court on appeal. Those familiar principles lead us to conclude that because the Board has not demonstrated a strong likelihood of success on the merits and has demonstrated no irreparable harm to it from immediate reinstatement, its application for a stay as to Dr. Knox's reinstatement must be denied.
The chancery court jurisdiction to review the Board's entire record was limited to whether the Board's decision was unlawful, and/or arbitrary or capricious. The chancellor, by statute, could only affirm or reverse the decision of the Board. Dr. Knox did not seek any relief concerning "prayer guidelines" in his Petition For Appeal of Final *1280 Decision of School Board, filed in the Chancery Court of Hinds County. Dr. Knox only requested reinstatement, back pay plus costs, and expungement from his personnel record of negative reference in connection with his suspension. Dr. Knox does not contest the Board's request to stay back pay and costs. Based on the limited record before us, the motion to stay pending appeal is granted as to the back pay, costs and prayer guidelines.

I.
On December 15, 1993, the Board of Trustees of the Jackson Public School District suspended Dr. Knox's employment with the District until July 1, 1994, based on "lack of professional judgment." Knox filed his notice of appeal from this decision on January 4, 1994. The Hinds County Chancery Court, acting as an appellate court, entered an order on April 22, 1994, reinstating Dr. Knox with back pay. The chancery court further ordered the District to "draw guidelines for school prayer consistent with this opinion. If there is any question of the legality or constitutionality of the guidelines, an opinion shall be requested from the Attorney General. All costs of this proceeding are assessed to the appellee." On April 22, the Board filed its notice of appeal from the chancery court's judgment. The Board then filed a Motion for Stay Upon Appeal with the chancery court. This motion was denied by order dated April 26, 1994.
On April 26, 1994, the Board filed its Motion to Stay Execution Pending Appeal pursuant to Miss.Sup.Ct.R. 8 with this Court. The Board asked that this Court stay the chancery court's directives concerning Dr. Knox's reinstatement, back pay and costs, and guidelines concerning prayer. The Board also filed a supplement to this motion, which included a copy of the chancery court's bench ruling on the Motion for Stay Upon Appeal.
Also on April 26, Dr. Knox filed a motion for time to allow him to respond to the Board's Motion to Stay Execution Pending Appeal. On April 27, five members of this Court granted Dr. Knox's motion, directing that his response be filed with this Court by May 4. The Court also stayed the chancery court's judgment until the Court could rule on the Board's Motion to Stay Execution Pending Appeal.

II.
The chancery court's order contained the following directives: (1) that Dr. Knox would be reinstated; (2) that he would be awarded back pay and costs; and (3) that the Board would draw up guidelines to deal with school prayer. The Board requests that this Court stay the operation of the chancery court judgment as to all three of these issues pending its appeal from the chancery court judgment. Dr. Knox does not contest the Board's request to stay back pay and costs. Dr. Knox further states that "the guidelines objected to by Appellee should be recognized as advisory comments." In addition, Dr. Knox asserts the following in his memorandum in support of his response to the motion to stay:
As pointed out by the District, Dr. Knox did not request any guidelines, as he certainly could not, since he was appealing an employment decision from the Board of Trustees. Consequently, the propriety of guidelines was not an issue before the Chancery Court and any comments in that regard must necessarily be considered advisory remarks.
The Court finds that the portion of the Board's motion to stay dealing with back pay, costs and prayer guidelines should be granted pending the disposition of this appeal.
This leaves in controversy Dr. Knox's reinstatement before July 1, 1994, when he will resume his duties at Wingfield High School. Both parties agree that where relief in the nature of an injunction or an injunctive type remedy is awarded, the proper test for the reviewing court to consider is found in Miss. Sup.Ct.R. 8 and Miss.R.Civ.P. 62. Rule 62 provides in part:
(c) Injunction Pending Appeal. When an interlocutory or final judgment has been rendered granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of an appeal from such judgment upon such terms as to bond or otherwise as it considers *1281 proper for the security of the rights of the adverse party. The power of the court to make such an order is not terminated by the taking of the appeal.
(g) Power of Appellate Court Not Limited. The provisions in this rule do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered.
The comment to Rule 62 adds:
An application under Rule 62(c) or (g) necessarily goes to the discretion of the court. The governing considerations are the same whether the application is to the trial court under subdivision (c) or to an appellate court under subdivision (g). Thus it is generally required that (A) the applicant make a strong showing that he is likely to succeed on the merits of the appeal; (B) the applicant establish that unless a stay is granted he will suffer irreparable injury; (C) no substantial harm will come to other interested parties; (D) a stay would do no harm to the public interest. See Wright & Miller, supra; Belcher v. Birmingham Trust Nat. Bank, 395 F.2d 685 (5th Cir.1968); Pitcher v. Laird, 415 F.2d 743 (5th Cir.1969); Fortune v. Molpus, 431 F.2d 799 (5th Cir.1970); Beverly v. United States, 468 F.2d 732 (5th Cir.1972).
If the court is satisfied that these considerations or other relevant considerations indicate that an injunction should be stayed pending appeal, a stay will be granted. Otherwise the stay will be denied. See Corpus Christi Ind. School Dist. v. Cisneros, 404 U.S. 1211 [92 S.Ct. 9, 30 L.Ed.2d 15] (1971) (stay granted); Dandridge v. Jefferson Parish School Bd., 404 U.S. 1219 [92 S.Ct. 18, 30 L.Ed.2d 23] (1971) (stay denied).
"The party who seeks a stay bears the burden of establishing these prerequisites." Ruiz v. Estelle, 666 F.2d 854, 856 (5th Cir.1982).
The Board cites Evans v. Buchanan, 435 F. Supp. 832 (D.Del. 1977), which states the four-factor test and then adds:
Although the above criteria must be applied individually to the facts of this case, the ultimate decision by the Court must be made in light of all the criteria, unless the movant's claim is so palpably devoid of any showing of irreparable injury or probability of a successful appeal that further consideration of other factors would be futile. See Evans v. Buchanan, supra, 424 F. Supp. 875 [D.Del. 1976]. As a court of equity exercising its discretionary authority, it is essential that in the final analysis all four factors be considered together and the relative showings be measured. Further, the express language of the criteria reflects that a court should not and perhaps cannot erect an artificial absolute standard; there are degrees of irreparable injury and probability of a successful appeal. The duty of this Court is to weigh the strength of these showings against each other and balance them against the potential harm to the interests of the plaintiffs and the public. Cf. Alaska Interstate Co. v. McMillian, 402 F. Supp. 532 (D.Del. 1975).
Evans, 435 F. Supp. at 842.

1) Strong Showing of Success on the Merits
Miss. Code Ann. § 37-9-59 (1990) provides in part:
For incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil or other good cause the superintendent of schools may dismiss or suspend any certificated employee in any school district. Before being so dismissed or suspended any certificated employee shall be notified of the charges against him and he shall be advised that he is entitled to a public hearing upon said charges.
The primary question to be presented on appeal is whether "lack of professional judgment" can qualify as "other good cause" shown for suspension under Miss. Code Ann. § 37-9-59 (1990). This Court has stated:
[t]he phrase, `or other good cause,' in the statute must be considered in connection *1282 with the specific causes preceding it. It is a well recognized rule of law that where in a statute general words follow a designation of particular charges, the meaning of the general words will be presumed to be restricted by the particular designation, and to include only things of the same kind, class, or nature as those specifically enumerated, unless there is a clear manifestation of a contrary purpose.
Madison County Board of Education v. Miles, 252 Miss. 711, 716, 173 So.2d 425, 427 (1965). This Court has found insubordination, see Merchant v. Pearl Municipal Separate School District, 492 So.2d 959 (Miss. 1986), to be "other good cause" under the statute; financial problems leading to the rescission of an already-renewed contract, see Byrd v. Greene County School District, 633 So.2d 1018 (Miss. 1994), do not qualify. Based on the limited record before us, and this Court's past rulings on this subject, we cannot say that the Board has made a strong showing that it will succeed on the merits of this appeal.

2) Irreparable Injury to Movant Without a Stay
The Board argues that it will suffer irreparable harm in that, if Dr. Knox's reinstatement is not stayed, this appeal will not be decided until after his suspension has run, making the appeal moot. The Board further argues that Dr. Knox's authority to require that his subordinates follow the School District's policies will be diminished if he does not have to serve out his suspension for his own alleged disregard of District policy. Dr. Knox relies on Marr v. Lyon, 377 F. Supp. 1146 (W.D.Okla. 1974). Marr was an employee of the Department of Defense until he was ordered terminated from his position because he was not a United States citizen. Marr sought review through the Civil Service Commission and finally through the United States District Court, which ordered him reinstated with back pay. The defendants appealed and filed a motion for stay pending appeal. The court noted the four-part test as mentioned earlier in stating:
The Court recognizes that the issues in this case are novel and thus Defendants should be given the benefit of the doubt as to whether they are likely to succeed on appeal. However, Defendants have failed to show they will suffer irreparable injury if Plaintiff is reinstated to his former position. Defendants have likewise failed to show that substantial harm will not come to Plaintiff if he is not reinstated pending his appeal. Plaintiff in fact asserts that substantial harm will come to him due to his continued unemployment. The public interest does not appear to be affected by the rehiring of a public employee with over 20 years experience as such.
Marr, 377 F. Supp. at 1148.
Dr. Knox also cites Dewey v. Reynolds Metals Co., 304 F. Supp. 1116 (W.D.Mich. 1969), rev'd on other grounds, 429 F.2d 324 (6th Cir.1970), which involved the termination of Dewey for refusal to work overtime on Sundays or to find a replacement for that day. The district court reinstated Dewey with back pay. Reynolds appealed and moved to stay the court's order pending appeal. In considering the four-part test, the district court found that Reynolds would suffer no irreparable harm in following EEOC guidelines to accommodate Dewey's religious beliefs, adding that Reynolds' "fears of injury continue to be anticipatory and based solely on speculation." Dewey, 304 F. Supp. at 1119.
As to the possibility of the reinstatement question becoming moot, this Court has recognized an exception to the practice which forbids courts from considering moot questions under the doctrine of "capable of repetition yet evading review." See Strong v. Bostick, 420 So.2d 1356 (Miss. 1982); Mississippi High School Activities Ass'n v. Coleman, 631 So.2d 768 (Miss. 1994). The doctrine is applicable in the situation where:
(1) The challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and
(2) There was a reasonable expectation that the same complaining party would be subject to the same action again.
Strong, 420 So.2d at 1359 (quoting Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975)). This Court *1283 makes no ruling on the question of whether any of the issues presented through this appeal may be found to be moot at the time they are considered on the merits. Strictly for the purposes of ruling on this motion, the Court finds that the possibility that some of the issues presented through this appeal may be rendered moot by the failure to grant the motion to stay does not in and of itself show irreparable harm to the Board. It remains clear that the issues of back pay, costs and the "guidelines" will remain live controversies.
As to Dr. Knox's authority to enforce District policies, any lessening of this authority in light of his actions and whether he serves his entire suspension is largely speculative. Whatever effect Dr. Knox's actions have had on his ability to be an effective high school principal, he will be back at that position July 1 regardless of this Court's decision on the Board's motion to stay. The Board has failed to meet its burden on this issue.

3) No Substantial Harm to Other Interested Parties
The Board argues that no substantial harm will come to Dr. Knox if the judgment is stayed because he will be compensated for the time he was suspended if he wins on appeal. The Board also claims that Dr. Knox presented no evidence of financial hardship in the chancery court. Dr. Knox argues that both he and the students at Wingfield will endure substantial harm if he is not allowed to return. The Board cites Dewey v. Reynolds Metals Co., stating that Dewey would have been threatened during suspension because of the effect advancing technology would have on Dewey's ability to do his job. The Board correctly notes that there is no such factor in this case. However, the Dewey court also found substantial harm to Dewey based on his loss of wages and the fact that he was litigating against an entity with superior financial resources. Dewey, 304 F. Supp. at 1119. The loss of wages by Dr. Knox may slightly favor Knox, but at the very least, this factor is neutral.

4) No Harm to the Public Interest
The Board argues that the public's interest is in seeing that the Board's policies are carried out through Dr. Knox serving the remainder of his suspension. The public interest is also served through causing as little disruption as possible to the normal operation of Wingfield High School. Dr. Knox cites Marr v. Lyon, which provides that "if Defendants' appeal is not successful, the public interest would be better served by Plaintiff performing services as an employee pending his appeal rather than by the Government ultimately having to pay him for said period without his performing services." Marr, 377 F. Supp. at 1148. Both sides present valid points here, but as movant with the burden of proof, the Board does not clearly show that there will be no harm to the public interest if Dr. Knox is not allowed to come back to work before July 1. This too, appears to be a neutral factor.

CONCLUSION
The Court therefore finds that the Board's Motion to Stay Execution Pending Appeal should be granted on the issues of back pay, costs and the prayer guidelines. On the issue of reinstatement, the Board has failed to make a strong showing of success on the merits. It has also failed to show that it will suffer irreparable harm if Dr. Knox returns to work before July 1, 1994. The remaining factors are either neutral or slightly in favor of Dr. Knox. The Board, as movant, has failed to meet its burden. The temporary stay is dissolved and the motion to stay Dr. Knox's reinstatement pending appeal is denied.
MOTION GRANTED IN PART; DENIED IN PART.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ., concur.
McRae, J., not participating.