KITCHENS, Justice,
Objecting to the Order with Separate Written Statement:
¶ 1. Although I reserve judgment regarding the merits of the present case until this Court carefully considers the case on appeal, I respectfully object to the order entered today and would deny the Emergency Motion for Stay Pending Appeal And Request for Expedited Consideration filed by the Mississippi Department of Corrections (MDOC).
¶ 2. Mississippi Rule of Civil Procedure 62(c) states that, upon denial of an injunction, “the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of an appeal from such judgment upon such terms ... as it considers proper for the security of the rights of the adverse party.” Miss. R. Civ. P. 62(c) (emphasis added).[1] Mississippi Rule of Appellate Procedure 8(c) provides:
A motion for such relief may be made to the Supreme Court ... but the motion shall show that ... the trial court has denied an application or has failed to afford the relief which the applicant has requested, with the reasons given by the trial court for its action. The motion shall also show the reasons for the relief requested and the facts relied upon and, if the facts are subject to dispute, the motion shall be supported by affidavits or other sworn statements.
M.R.A.P. 8(c). As Justice King astutely observes in his separate statement, this Court must consider the following: (1) whether “the applicant [has made] a strong showing that he is likely to succeed on the merits of the appeal,” (2) whether “the applicant [has established] that unless a stay is granted he will suffer irreparable injury,” (3) whether “substantial harm will come to other interested parties,” and (4) whether “a stay would do no harm to the public interest.” Bd. of Trs. of Jackson Pub. Sch. Dist. v. Knox, 638 So.2d 1278, 1281 (Mis.s.1994) (quoting Miss. R. Civ. P. 62(c), (g) cmt.).[2] However, “ ‘[t]he party who seeks a stay bears the burden of establishing these prerequisites.’ ” Id. (quoting Ruiz v. Estelle, 666 F.2d 854, 856 (5th Cir.1982)).
¶ 3. Based on the materials presented to the Court at this juncture,[3] I am of the opinion that MDOC’s motion for a stay ought to be denied. On March 6, 2014, the Chancery Court of the First Judicial District of Hinds County found the following:
[I]n this case there is no evidence that shows any information requested by the Justice Center contains any confidential *467 or privileged information. There is no evidence that the information requested contains a third party’s trade secrets. And there is no evidence that shows any confidential financial information' is at stake of being revealed. All that is present in this case is fear. There is stone cold fear that if names are released threats will be made and ultimatums will be given and people and entities will suffer harm. But that’s all that is present here. Fear.
Thereafter, on April 1, 2015, the chancellor denied MDOC’s motion for a stay.
¶ 4. The Public Records Act contains no exception which would allow the information sought by the MacArthur Justice Center to remain confidential, as MDOC recognizes. It is true, as MDOC argues, that a court is vested with “authority to declare a public record confidential or privileged.” Cole v. Ferrell, 163 So.3d 921, 925, (Miss.2012); see also Miss.Code Ann. § 25-61-11 (Rev.2010) (“The provisions of this chapter shall not be construed to conflict with, amend, repeal or supersede any constitutional or statutory law or decision of a court of this state or the United States which at the time of this chapter is effective or thereafter specifically declares a public record to be confidential or privileged, or provides that a public record shall be exempt from the provisions of this chapter.”). The chancellor did not find that it was necessary in the case before us today to declare the information sought by the MacArthur Justice Center to be confidential or privileged. This Court will consider carefully the propriety and legal correctness of that decision during the course of the appeal. When this Court considers the merits of the present appeal, the chancellor’s decision will be subject to an abuse of discretion standard. This Court will be required to defer to the decision of the chancellor “unless ... the chancellor abused [her] discretion-, was manifestly wrong, clearly erroneous or applied an erroneous legal standard.” Venture Sales, LLC v. Perkins, 86 So.3d 910, 913 (Miss.2012) (internal citations omitted). I find no present proof or even an indication that the chancellor has abused her discretion in any regard.
¶ 5. I can find no reason to second guess the sound judgment of the chancellor in her denial of MDOC’s motion for a stay. Based on the record before this Court at present, I am of the opinion that MDOC’s request for a stay fails on each and every factor this Court must consider. See Knox, 638 So.2d at 1281. MDOC has not demonstrated a likelihood for success on the merits of its appeal. Id. Additionally, MDOC fails to demonstrate that it will suffer irreparable injury, that other parties will be harmed substantially, or that the public interest will be affected adversely by the denial of a stay. Id.
¶ 6. MDOC’s Emergency Motion for Stay Pending Appeal And Request for Expedited Consideration ought to be denied. I therefore decline to join today’s order.
DICKINSON, P.J., JOINS THIS SEPARATE WRITTEN STATEMENT. KING, J., JOINS IN PART.

. See also Miss. R. Civ. P. 62(g) ("The provisions of this rule do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal_”).

. That comment to Rules 62(c) and (g) of our Mississippi Rules of Civil Procedure, as cited in Knox, has since been repealed, effective July 1, 2014, by order of this Court on June 9, 2014. The standard remains viable, however, by virtue of our opinion in Knox. See Knox, 638 So.2d at 1281.

.At present, this Court has before it nothing more than motions, responses, and attachments submitted by the parties. To my knowledge, the appellate record has not yet been designated.