# BRUSSEL *v.* UNITED STATES

Decided October 10, 1969

*Ephraim London* on the application.

MR. JUSTICE MARSHALL, Circuit Justice.

Applicant was held in civil contempt by the United States District Court for the Northern District of Illinois on October 7, 1969, and was immediately confined to the Cook County jail. On the same day, the District Court denied him bail pending appeal. On October 8, applicant filed a notice of appeal to the United States Court of Appeals for the Seventh Circuit from the contempt order, and made an emergency application for bail. The Court of Appeals ordered the United States Attorney to respond to that application by October 13, next Monday. On October 9, the present application was made to me in my capacity as Circuit Justice. Though it is our usual practice to deny such requests

when the courts of appeals have not yet ruled on an application for the same relief, I am constrained by the unusual circumstances of this case to depart from that practice.

Applicant was subpoenaed to appear before a federal grand jury in Chicago and to bring with him certain corporate records. Prior to his appearance before the grand jury, applicant requested, but was denied, immunity from prosecution. Before the grand jury he was asked if he was an officer of the corporations involved. To this and other questions applicant declined to answer, invoking his privilege against self-incrimination. He was taken before the District Judge, who overruled his claim of Fifth Amendment privilege, apparently on the ground of the corporate-records doctrine, *Wilson* v. *United States,* 221 U. S. 361 (1911). When applicant persisted in refusing to answer, the court ordered him jailed for civil contempt.

*Curcio* v. *United States,* 354 U. S. 118 (1957), raises serious questions concerning the validity of the contempt order. In that case, a union official, admittedly the custodian of the union's records, refused on Fifth Amendment grounds to reveal their whereabouts to the grand jury. This Court upheld the assertion of the privilege, holding that the corporate-records exception applied only to the records themselves, not to testimony concerning them, and reiterating the established principle that "all *oral* testimony by individuals can properly be compelled only by exchange of immunity for waiver of privilege." *Id.,* at 124, citing *Shapiro* v. *United States,* 335 U. S. 1, 27 (1948).

It is true that applicant here, unlike Curcio, was cited for failure to produce the subpoenaed records, as well as for failure to testify. But the rule permitting compelled production of corporate records by their custodian may be invoked only against a party who is in fact the

custodian of the records in question. Yet there appears no evidence in the record of this case that applicant is the custodian of the documents subpoenaed, or indeed that he has any connection with the corporations. Applicant thus argues that he has been jailed in the absence of *any evidence* supporting an essential element of the finding that he is in contempt. Cf. *Thompson* v. *Louisville,* 362 U. S. 199 (1960).

Nothing in the record suggests any substantial risk that applicant will not appear at further proceedings in his case. As far as appears, he has complied with previous orders to appear; indeed, he interrupted his honeymoon in Mexico to be present at the grand jury hearing. According to his affidavit, he has no criminal record. Given the imposition of a contempt order for an explicit assertion of the Fifth Amendment privilege, and the other circumstances of the case, I am ordering applicant released on his own recognizance pending disposition of his appeal to the Court of Appeals.