**Debbie and Doreen SORIA et al.,**
**Plaintiffs,**

v.

**OXNARD SCHOOL DISTRICT BOARD**
**OF TRUSTEES et al., Defendants.**

**Civ. No. 70-396.**

United States District Court,
C. D. California.

May 12, 1971.

**156**

John A. Childers and Thomas E. Malley, Oxnard, Cal., for plaintiffs; Stephen Kalish and Peter Roos, Los Angeles, Cal., of counsel.

Herbert L. Ashby, County Counsel, William A. Waters, Asst. County Counsel, Ventura County, Ventura, Cal., for defendants.

## MEMORANDUM GRANTING MOTION FOR SUMMARY JUDGMENT

PREGERSON, District Judge.

This matter is on the court's calendar on plaintiffs' motion for summary judgment on the question of defendants' accountability for racial imbalance existing in the Oxnard Elementary Schools. The motion was heard by the court on May 10, 1971. Plaintiffs were represented by Thomas Malley, of the Legal Service Center of Ventura County, and Stephen Kalish and Peter Roos, of the Western Center on Law and Poverty. Defendants were represented by William A. Waters, Assistant County Counsel of Ventura County. The motion stands submitted on the arguments of counsel and on all the papers and exhibits in the file of this case.

■ The court first finds that defendants' accountability, under the United States Constitution, for racial imbalance existing in the Oxnard Elementary Schools is an issue appropriate for resolution by way of summary judgment, under Rule 56, Fed.R.Civ.P. In their statement of genuine issues, defendants assert that a material question of fact in dispute in this case is whether the distribution of students and the distribution and composition of the faculty is the result of concerted action by the defendants based upon improper considerations of race. As will be made clear in a moment, the court doees not feel that this is a material issue in this case.

The court therefore will decide this motion based upon the agreed-upon facts of the case, as contained in plaintiffs' proposed findings of fact with the deletions and alterations requested by counsel for the defendants. On the basis of those facts, deemed proven, the court

concludes that plaintiffs are entitled to relief, and therefore the motion for summary judgment is granted. Briefly stated, the reasons for this decision are as follows:

Seventeen years ago next Monday, the Supreme Court of the United States decided Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873. In its dispositive language, the Supreme Court stated,

> We conclude that in the field of public education the doctrine of "separate but equal" has no place. Separate educational facilities are inherently unequal. Therefore, we hold that the plaintiffs and others similarly situated for whom the actions have been brought are, by reason of the segregation complained of, deprived of the equal protection of the laws guaranteed by the Fourteenth Amendment. 347 U.S. at 495, 74 S.Ct. at 692.

This holding clearly indicates the course this case must follow.

■ It is agreed that the majority of the Oxnard Elementary Public Schools are segregated in fact. It is agreed, proven, and established by the words just quoted, that separate education for the Mexican American and Negro American students in the Oxnard Elementary Schools is inferior to education in racially balanced schools within the district. Education is a function of state government. The maintenance of unequal educational opportunities in the Oxnard Elementary Schools through racial imbalance denies plaintiffs their rights to equal protection of the laws, guaranteed by the Fourteenth Amendment; and to redress this denial, this court holds, the defendants have an affirmative duty to provide plaintiffs with a racially balanced school system.

■ This holding follows those of several courts, including that of Judge Real of this court in Spangler v. Pasadena City Board of Education, 311 F.Supp. 501 (C.D.Cal.), intervention denied, 427 F.2d 1352 (9th Cir. 1970), cert. den. 402 U.S. 943, 91 S.Ct. 1607, 29 L.Ed.2d 111 (1971), and that of the Supreme Court of this state, in Jackson v. Pasadena City School District, 59 Cal.2d 876, 31 Cal.Rptr. 606, 382 P.2d 878 (1963). And it does not conflict with the United States Supreme Court's decisions in the area of school integration, the most recent of which is Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971). Since there has, however, been disagreement among the courts on the rule to be applied in this area, this court further holds as a matter of law that under the standards of such cases as United States v. School District 151, 286 F.Supp. 786 (N.D.Ill.), aff'd, 404 F.2d 1125 (7th Cir. 1968) on remand, 301 F.Supp. 201 (N.D.Ill.1969), modified, 432 F.2d 1147 (7th Cir. 1970), cert. den., 402 U.S. 943, 91 S.Ct. 1610, 29 L.Ed.2d 111 (1971); Taylor v. Board of Education, 191 F.Supp. 181 (S.D.N.Y.), appeal dismissed as premature, 288 F.2d 600 (2nd Cir. 1961); Keyes v. School District Number One, 303 F.Supp. 279 (D.Colo.), stay vacated, 396 U.S. 1215, 90 S.Ct. 12, 24 L.Ed.2d 37, on remand, 303 F.Supp. 289 (D. Colo.1969); and Davis v. School District, 309 F.Supp. 734 (E.D.Mich.1970), there are sufficient "de jure overtones" established by the agreed-upon findings of fact, as outlined by Mr. Kalish in oral argument, to entitle plaintiffs to relief. These "de jure overtones" arise from such practices as Open Enrollment, Individual Intradistrict Transfer (or "bussing"), location of new schools, placement of portable classrooms, failure to adopt proposed integration plans, and rescission of resolutions to relocate "portables."

At this time I want to note for the record that I have in the past met with various members of the defendant Board of Trustees, with the Superintendent of Schools, as well as with most of the representative plaintiffs; and as far as I can discern all parties to this case are Americans of goodwill, with a sincere desire to see that all the children in their community enjoy equal educational

opportunities. I hope that today's decision will remove the barriers and serve as a catalyst so that America's promise of equal justice for all may here be fulfilled. To that end I charge the defendants to submit to this court within twenty (20) days a plan that promises realistically to work now so that the racial imbalance existing in the Oxnard Elementary Schools is eliminated root and branch.