**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Mary D. HART, Defendant-Appellant.**

**No. 85–2590.**

United States Court of Appeals,
Tenth Circuit.

Dec. 10, 1985.

---

William R. Beu, P.C., Rockford, Ill., and George Santini of Charles E. Graves & Assoc., Cheyenne, Wyo., for defendant-appellant.

Richard A. Stacy, U.S. Atty., and David A. Kern, Asst. U.S. Atty., Cheyenne, Wyo., for plaintiff-appellee.

Before BARRETT, SETH, and McKAY, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir. R. 10(e). The cause is therefore ordered submitted without oral argument.

This matter is before the court on defendant-appellant's motion for release pending appeal, appellee's response thereto, and a bail record.

Appellant stands convicted, upon a guilty plea, of distribution of a controlled substance. She was sentenced to imprisonment for one year. The district court allowed voluntary surrender at the designated place of confinement and permitted continuation of appellant's cash bond until surrender. Subsequently, appellant sought and was denied reduction or modification of her sentence. This appeal is from the order denying reduction or modification of sentence.

Contemporaneously with the filing of the notice of appeal, appellant sought release pending disposition of the appeal. By affidavit, counsel for appellant states that the district court explicitly declined to hear or rule on the pending application for release pending appeal. Apparently, it was the district court's view that the bail application was a matter to be considered by this court. The bail record is completely silent with regard to any disposition of the application for bail.

A district court is not free under any circumstances to disregard an application for release pending appeal. There are a myriad of situations in which such an application should be denied, but the district court must act on the application and state in writing the reasons for the action taken. The statutes and rules governing release pending appeal, as well as the opinions and practices of this court, support this conclusion.

First, Fed.R.App.P. 9(b) clearly states that "application for release after judgment of conviction shall be made in the first instance in the district court." That rule sets out only two options for the district court when such a motion is filed—the court can refuse release pending appeal or order release on conditions. The district court must state in writing the reasons for whichever of these two actions it takes. *Id.* Likewise, 18 U.S.C. § 3141 states that the district court *"shall* order that ... pending appeal of conviction ... a person be released or detained pursuant to the provisions of this chapter." (Emphasis added.) Chapter 207 of the Criminal Code does not establish the right to a sua sponte ruling by the district court. Application for release must be made under Fed.R. App.P. 9(b). The mandatory language in § 3141 makes it clear, however, that a district court must act on an application for release pending appeal when made.

Furthermore, this court's decision in *United States v. Affleck*, 765 F.2d 944, 954 (10th Cir.1985) emphasized the district

court's duty "to evaluate, in the first instance, the propriety of granting bail pending appeal." The appeal in *Affleck* was brought under 18 U.S.C. § 3145(c) and the very fact that § 3145(c) allows for appellate review of an order of the district court respecting release pending appeal presupposes an order by the district court. The same is true when appellate review is initiated by motion in the court of appeals under Fed.R.App.P. 9(b).

Finally, this court's general order for review of orders respecting release, No. 85–8060, September 11, 1985 (attached as an appendix), established specific procedures for *review* of a district court's initial determination with respect to applications for release pending appeal. In light of the authorities cited, we conclude that the district court is obligated to promptly hear and decide all applications for release pending appeal.

Accordingly, we partially remand this case to the district court for prompt consideration of appellant's application for release pending appeal. We imply no view on the merits of the application.

## APPENDIX

### No. 85–8060, September 11, 1985
### GENERAL ORDER

### REVIEW OF ORDERS RESPECTING RELEASE

I.  Before trial or judgment of conviction.

Review of an order of the district court respecting a release entered before a judgment of conviction shall be by *appeal,* whether the review is initiated by the United States or the defendant.

II.  Pending appeal following judgment of conviction.

A.  Review of an order of the district court respecting release pending appeal from a judgment of conviction, if sought by a defendant, may proceed by separate *appeal, see* 18 U.S.C. § 3145, or by *motion* filed within the direct criminal appeal. *See* Fed.R.App.P. 9(b). *The latter approach is favored.*

B.  Review of an order of the district court respecting release pending a defendant's direct criminal appeal, if initiated by the United States, shall be by *appeal, see* 18 U.S.C. § 3145.

III.  Expedited proceedings.

All proceedings in this court for review of an order of the district court respecting release shall be expedited.

The Comprehensive Crime Control Act of 1984 requires that bail matters be determined within close time constraints. Because the time for briefing and preparation of a record is necessarily limited, a determination of a motion for review or an appeal from an order of the district court respecting release made prior to final disposition of the direct criminal appeal shall not constitute the law of the case.

IV.  Docketing statement requirement waived.

If review is sought by *appeal,* the requirement of 10th Cir. R. 8 for a docketing statement is waived.

V.  Procedures and Special Bail Record.

A.  Upon the filing of a notice of appeal, the clerk of the district court shall transmit forthwith to the clerk of the court of appeals the following:

1.  A copy of the notice of appeal;

2.  A certified copy of the district court's docket sheet;

3.  A copy of the order respecting release which contains the written reasons (findings and conclusions) given by the district court for the action taken; and

4.  A statement regarding the fee status of the appeal.

B.  Immediately upon the filing of the notice of appeal or of the motion for release, the appellant or movant must designate to the clerk of the district court those items to be included in the special bail record.

C. Within three days of the appellant's or movant's designation of the record, the opposing party may designate additional materials to be included in the special bail record.

D. Within ten days after the filing of the notice of appeal or the movant's designation of the record, the clerk of the district court shall assemble and certify the special bail record to the clerk of this court.

E. The special bail record should include:

1. A copy of the district court's docket sheet;

2. A copy of the order respecting release which contains the written reasons (findings and conclusions) given by the district court for the action taken;

3. Any motion for release or for revocation or amendment of an order for release or detention filed in the district court, together with relevant memoranda in support or opposition thereto;

4. Relevant transcripts of any release hearing; and

5. Such papers, affidavits, portions of the record of the bail proceedings below, and pertinent portions of the trial record, which are available, relevant, and chosen by the parties. These shall include relevant portions of the transcript of testimony given at the bail proceedings or at trial.

Because of the nature of this proceeding, the special bail record must be carefully restricted to those papers that will clearly assist this court in arriving at a disposition. Whenever possible, or if any portion of the special bail record is unavailable within the time prescribed, the parties shall use an agreed statement as a substitute for transcripts or other documents. *See* Fed.R.App.P. 10(d).

F. Within fifteen days after the notice of appeal or motion for release is filed, the parties shall file memorandum briefs simultaneously and in quadruplicate, together with proof of service on opposing parties. Each party may file a reply memorandum within five days of receipt of the opening memorandum. Extensions of time will not be granted except in cases of extreme hardship.

G. If a convicted party seeks review of a district court finding that the appeal does not raise a substantial question of law or fact likely to result in reversal or a new trial, the memorandum briefs shall include a discussion of the substantiality of the question of law and the likelihood of reversal or order for new trial.

H. Ordinarily these appeals and motions will be decided upon the memorandum briefs and special bail record, unless the court orders otherwise. The court may, however, upon reasonable notice, defer disposition of a bail appeal or of a motion for release until the underlying direct criminal appeal is fully briefed and a full record on appeal is prepared and transmitted.

I. If, upon consideration of all issues raised in the briefs and the record on appeal, the court determines that the defendant has not met his *burden* of showing that the judgment of conviction appealed from presents a substantial question of law or fact, the court may consolidate the appeal on the merits with the bail issue and summarily dispose of the entire case on the merits.