**In re William SMITH, Petitioner.**

No. 87–3481.

United States Court of Appeals,
Eleventh Circuit.

July 10, 1987.

Paul D. Lazarus, Miami, Fla., for appellant.

G. Kendall Sharp, U.S. Dist. Judge, Robert W. Merkle, U.S. Atty., Ronald Hayward, Asst. U.S. Atty., Orlando, Fla., for appellee.

Before KRAVITCH, ANDERSON and EDMONDSON, Circuit Judges.

ORDER:

Petitioner, who has been convicted of certain felonies and sentenced to be incarcerated, moved on July 9, 1987, for release pending the outcome of his appeal. Because petitioner is to report on July 10, 1987, to his designated place of confinement to begin his incarceration, he has also requested a stay of the date on which he is to surrender to authorities. We decline to grant such stay; petitioner shall report for incarceration.

In respect to petitioner's motion for release pending appeal, we note that petitioner made the prerequisite motion in district court and that the motion was expressly denied. The district court, however, stated no reasons why petitioner was denied release pending appeal. Rule 9(b) of the Federal Rules of Appellate Procedure commands that such reasons be specified in writing; moreover, of course, written explanations for denying release during appeal are helpful to this court in discharging our own responsibility under Rule 9(b).

Where the district court has not specified in writing its reasons for denying release in accordance with Fed.Rule.App.Proc. 9(b), a limited remand of the matter for an entry of an order in compliance with Rule 9(b) is appropriate. *See United States v. Hart,* 779 F.2d 575 (10th Cir.1985); *cf. United*

**402**

*States v. Wong-Alvarez,* 779 F.2d 583 (11th Cir.1985) (limited remand proper where district court specified no reasons for denying bail pursuant to Fed.Rule.App.Proc. 9(a)).

Accordingly, we remand the matter of release pending appeal for entry of an order in compliance with Rule 9(b), which order should be entered promptly.* Prior to entry of the order, the district court should ascertain whether the government wishes to oppose the motion and, if so, allow such opposition to be filed speedily and in writing. If release is still denied, the order and the government's response, if any, shall be filed with this court as a supplemental record; and the matter will then be ripe for decision.

IT IS SO ORDERED.

---

\* Petitioner has applied for a writ of mandamus to require the district judge to state his reasons for denying release. In light of this limited re-mand, the writ is unnecessary and the application is denied.