STATE of Minnesota, Respondent,

v.

James Jerome JOHNSON, Appellant.

No. C0-89-1838.

Court of Appeals of Minnesota.

Nov. 7, 1989.

Hubert H. Humphrey, III, Atty. Gen., Caroline Bell, Peterson, Bell, Converse and Jensen, St. Paul, for respondent.

Samuel A. McCloud, Minneapolis, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and CRIPPEN, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

This motion for release pending appeal was presented, for emergency consideration one day following the sentencing hearing, at which appellant received a 30–day sentence for gross misdemeanor driving while intoxicated. A motion for release pending appeal was first presented to the trial court, and was denied. *See* Minn.R. Crim.P. 28.02, subd. 7(3). An appeal has been filed.

This court has denied the motion for release pending appeal, referring to this panel the question of emergency consideration of such motions. Although we note appellant's motion was better-documented and more thoroughly presented than most similar motions, we take this opportunity to address the issue of whether Minn.R. Crim.P. 28.02, subd. 7(3) requires emergency consideration, when requested, of motions for release pending appeal.

### DECISION

The Rules of Civil Appellate Procedure specifically acknowledge the need for emergency consideration of petitions for writs of prohibition and mandamus. Minn.R.Civ. App.P. 121. The extraordinary writ of prohibition may issue when judicial power is being or is about to be exercised in a manner unauthorized by law, and there is no other adequate legal remedy. *Hancock– Nelson Mercantile Co., Inc. v. Weisman,* 340 N.W.2d 866, 868 (Minn.Ct.App.1983). Implicit in the grounds for relief is the possibility the judicial act complained of was unforeseeable, and the feasibility of an appellate court quickly determining its unlawful nature.

The Rules of Criminal Procedure provide for *de novo* consideration by the appellate court of the grounds for release pending appeal, if such a motion has been made and denied in the trial court. *See* Minn.R. Crim.P. 28.02, subd. 7(3). The rule states:

> Thereafter, if an appeal is pending, a motion for release, or for modification of the conditions of release, pending review, may be made to the appellate court or a judge thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present and after reasonable notice to the prosecuting attorney. The appellate court or a judge thereof may order the release of the defendant pending disposition of the motion.

The rule indicates that motions for release pending appeal will be considered on an expedited basis, but, we conclude, does not provide for emergency consideration.

The language of the rule is taken from Fed.R.App.P. 9(b). We have found no cases indicating the federal rule was intended to provide emergency consideration. Courts applying the rule have implied the contrary. *See, e.g., United States v. Hart,* 779 F.2d 575, 578 (10th Cir.1985) (establishing 20–day briefing schedules for motions for release). The practice of remanding to the trial court for a statement of reasons for denying release, despite the obvious delays, also implies non-emergency consideration. *See United States v. Stanley,* 469 F.2d 576, 587 (D.C.Cir.1972) (acknowledging that remand encroaches on defendant's right to a speedy resolution of the bail issue).

The United States Supreme Court has ordered release pending appeal on an emergency basis, but in an appeal from a civil contempt order. *Brussel v. United States,*

396 U.S. 1229, 1231, 90 S.Ct. 2, 3, 24 L.Ed.2d 53 (1969). A jailing for contempt, which may arise abruptly and even arbitrarily in the midst of another proceeding, may present an emergency. However, imprisonment following a criminal conviction and sentencing, for a statutory offense allowing for that incarceration, is not an emergency situation.

This court in the past has accommodated counsel, and pro se defendants, in handling motions for release pending appeal on an emergency basis. However, that practice was not based on specific legal authority, which now appears lacking. It has long been recognized that

> [t]he trial court is not only the traditional but also the superior tribunal for the kind of information-gathering which a sound foundation for a bail [pending appeal] ruling almost inevitably requires.

*United States v. Stanley*, 469 F.2d at 581–82; *see also State v. McKinley*, 424 N.W.2d 586 (Minn.Ct.App.1988). This court cannot hastily acquire the familiarity with the defendant, his history and his case, which a trial court possesses. The brief portions of the record typically assembled for emergency motions are generally insufficient to assess the Rule 28.02, subd. 7(2) factors.

The issues raised on a motion for release pending appeal differ significantly from the narrower legal issues raised on petitions for extraordinary writs, in which emergency consideration may be provided. The rule requires assessment of the risk of an appellant's non-appearance and of his commission of a "serious crime" if released pending appeal. Minn.R.Crim.P. 28.02, subd. 7(2). These predictive findings are difficult to make "from the paper record upon which bail decisions in appellate courts must be achieved." *United States v. Stanley*, 469 F.2d at 582. Similarly, judging the likely merits of an appeal, as required by the rule, usually cannot be done by a statement of the case alone. Thus we cannot interpret the language of Rule 28.02, subd. 7(3) as calling for emergency treatment of motions for release pending appeal.

We note also that appellate review under Rule 28.02, subd. 7(3), unlike that provided in petitions for extraordinary writs, is *de novo*. Immediate *de novo* consideration, on an emergency basis, of the identical issues considered by the trial court, on a less-than-adequate record, is not only difficult, but a remedy this court should not attempt to supply, absent the clear requirement of statute or procedural rule. *See Mecom v. United States*, 434 U.S. 1340, 1341, 98 S.Ct. 19, 23, 54 L.Ed.2d 49 (1977) (decisions of a trial court with respect to bail are entitled to great deference).

Motions for release pending appeal will be considered only on an expedited basis, with scheduling abbreviated from that provided for ordinary motions, *see* Minn.R.Civ. App.P. 127. The court will also consider, after receipt of a written motion but without separate argument, requests for release "pending disposition of the motion." Minn.R.Crim.P. 28.02, subd. 7(3).

Motion for release pending appeal denied.