WILSON, Circuit Judge,
concurring:
Although Manuel Valle’s petition for rehearing failed to raise the issue, we considered sua sponte his challenge to the composition of his grand and petit juries.[1] Valle had originally contended that the process for selecting jurors in 1978 when he was indicted underrepresented “Latin Americans” in a way that violated his due process and equal protection rights under the United States Constitution. We considered whether this Court erred in finding that the Florida Supreme Court’s deci *1327 sion in Valle v. State (Valle II), 474 So.2d 796 (Fla.1985), which concluded that the term “Latin American” failed to represent a single cognizable class for equal protection analysis, was not contrary to or an unreasonable application of clearly established federal law. While I agree that today Latin Americans are a constitutionally cognizable class under the Fourteenth Amendment, the Antiterrorism and Effective Death Penalty Act (“AEDPA”) strictly limits our habeas review to whether the Florida Supreme Court’s decision of July 11, 1985 “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States” at the time the case was decided. 28 U.S.C. § 2254(d)(1); see also Lockyer v. Andrade, 538 U.S. 63, 71-72, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003). Our habeas review is so limited that we are not permitted to disturb a state court decision even if we conclude in our independent judgment that the state court incorrectly applied the relevant Supreme Court precedent. See Woodford v. Visciotti, 537 U.S. 19, 24-25, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002). The federal habeas scheme authorizes intervention on our part only when the state court decision was objectively unreasonable. Id. at 27,123 S.Ct. at 361. Applying this limited standard of review to Valle’s case, we held that the Florida Supreme Court’s decision respecting his equal protection and due process claims was not contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court at the time Valle II was decided. Valle v. Sec’y for Dep’t of Corr., 459 F.3d 1206, 1216-17 (11th Cir.2006).
On habeas review, we go back in time and put ourselves in the position of the Florida Supreme Court when it decided Valle II. Therefore, we look to United States Supreme Court precedent as of July 11, 1985 for guidance. In Hernandez v. Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1954), the question before the Supreme Court was not whether “Latin Americans” but whether persons of “Mexican” descent were systematically excluded from the jury venires in Jackson County, Texas. Id. at 476-77, 74 S.Ct. at 669-70. In deciding the case, the Supreme Court recognized persons of Mexican descent as a cognizable class in the community. Id. at 479-80, 74 S.Ct. at 671. In Keyes v. School District No. 1, 413 U.S. 189, 93 S.Ct. 2686, 37 L.Ed.2d 548 (1973), the Supreme Court arguably expanded upon Hernandez to the extent that it was willing to include within the class “Hispano” persons from more than one country. Id. at 195-97, 93 S.Ct. at 2691. However, Keyes did not clearly establish that Latin Americans were a constitutionally cognizable group for the selection of grand and petit juries. In fact, each case the Supreme Court cited in support of its conclusion that Hispanos were an identifiable class referred only to persons of Mexican descent. Keyes, 413 U.S. at 197, 93 S.Ct. at 2691 (citing Hernandez, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866; United States v. Tex. Educ. Agency, 467 F.2d 848 (5th Cir.1972) (en banc); Cisneros v. Corpus Christi Indep. Sch. Dist., 467 F.2d 142 (5th Cir.1972) (en banc); Alvarado v. El Paso Indep. Sch. Dist., 445 F.2d 1011 (5th Cir.1971); Romero v. Weakley, 226 F.2d 399 (9th Cir.1955); Soria v. Oxnard Sch. Dist., 328 F.Supp. 155 (C.D.Cal.1971)). Therefore, no United States Supreme Court cases prior to July 11, 1985 provide support for a finding that the Florida Supreme Court’s decision in Valle II was *1328 contrary to clearly established federal law.[2]
In her dissent, Judge Barkett suggests that the Florida Supreme Court overruled Valle II in State v. Alen, 616 So.2d 452 (Fla.1993). I am not so sure. Even if it did, whether or not the Florida Supreme Court decides to later revisit one of its own opinions has no bearing upon our standard of review. In Alen, the Florida Supreme Court did not state that its holding in Valle II was an incorrect statement of federal law. See id. at 455. Rather, the Alen court receded from Valle II to the extent that Valle II conflicted with its decision in Alen that a person’s national origin or geographical area was only an important, but not a decisive, factor in determining a person’s ethnicity. Id. The Florida Supreme Court’s decision in Alen also recognized that neither the U.S. Supreme Court nor Florida law had clearly defined Hispanics as a cognizable class. See id. at 454-55. In Alen, the Florida Supreme Court only went so far as to note a national trend towards identifying Hispanics, or Latin Americans, as a cognizable class. Accordingly, Alen, which was decided eight years after Valle II, cannot establish that Valle II was contrary to federal law at the time it was decided.
In sum, I agree that the law has evolved to the point that Latin Americans are now a cognizable class for due process and equal protection purposes. However, the matter before this Court in the present context is the proper interpretation and application of our statutorily mandated § 2254(d)(1) deferential standard of review of a 1985 Florida Supreme Court decision. In the absence of a United States Supreme Court holding as of July 11, 1985 that the term “Latin American” constituted a cognizable class for equal protection purposes, this Court properly adhered to § 2254(d)(l)’s standard of review. I have no worry then, as does Judge Barkett, that our decision to deny rehearing en banc will result in a misapprehension of law.

. The sole argument made in Valle's petition for rehearing was that the Court erred in rejecting his Batson claim. See Batson v. *1327 Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

. In Valle II, the Florida Supreme Court cited United States v. Rodriguez, 588 F.2d 1003 (5th Cir.1979), where this Court’s predecessor found that the appellant had failed to establish that voters of "Latin origin" were a cognizable class for a jury challenge. Id. at 1007. The Court stated that: "there [is] simply no evidence upon which this Court could base a finding that persons of such diverse national origins as Cubans, Mexicans, and Puerto Ricans possess such similar interests that they constitute a cognizable group." Id. (alteration in original; internal quotation marks omitted). The Florida Supreme Court also cited United States v. Duran De Amesquita, 582 F.Supp. 1326 (S.D.Fla.1984), in which the district court stated: "If the proposed class were 'Cuban-Americans,' or 'Spanish-Americans,' or 'Puerto Rican-Amer-icans,’ [instead of 'Hispanics,'] the mental image of the 'cognizable class' would be easy to discern .... But to lump persons from so many countries (even continents) together as a distinct class requires the exercise of considerable philosophical imagination.” Id. at 1328. While not U.S. Supreme Court precedent, Rodriguez and Duran De Amesquita demonstrate that the Florida Supreme Court's decision in Valle II was consistent with this Circuit’s interpretation of the Sixth and Fourteenth Amendments in this context and further support our conclusion that Valle II was not contrary to or an unreasonable application of clearly established federal law in 1985.